# SUPREME JUDICIAL COURT,

FOR THE

## MIDDLE DISTRICT.

## 1860.

---

## COUNTY OF SOMERSET.

---

### ZACHARIAH TUFTS *versus* JOSEPH SHEPHERD & *als*.

As a note, made for the accommodation of the payee, has no validity, as a contract, until it has been negotiated, the retention of more than the legal rate of interest will be usurious, where the person discounting it knew the purpose for which the note was made.

And the makers may show the usury, in a suit against them, by such indorsee, or by another person who received the note from him after it was dishonored.

Where such a note, payable in one year, was negotiated on the day after its date, and the party purchasing it made an agreement with the payee, which was written on it, that "the note is to run a year and a day," the time of payment named in the note was not affected by the memorandum of the agreement.

And, even if the memorandum constituted a part of the note, the day of payment, by it, was within the year, and the three days of grace, until the expiration of which the note would not be due.

REPORTED from *Nisi Prius*, TENNEY, C. J., presiding.

THIS was an action of ASSUMPSIT against the defendants, as makers of two promissory notes, which were dated January 30, 1856, each of which was for the sum of $500, and was payable to the order of Reuben Flanders, in one year, with interest, and by him indorsed.

On the day after the date of the notes, Flanders sold them to one John Tufts, a brother of the plaintiff. He received for them $960, having agreed to allow Tufts interest at the rate of 10 per cent. The evidence in the case tended to show, that Tufts was informed, at the time of the purchase of the notes, that they were made for the accommodation of Flanders. Tufts agreed to wait one year from the day of his purchase of the notes for their payment; and made a memorandum on each of the notes in these words : — "This note runs one year and one day from date."

On the 27th day of February, 1857, Flanders paid $100 as interest, and Tufts made on each note an indorsement of that date, as follows : — "Rec'd one year's interest on the within."

The plaintiff obtained the notes of John Tufts a short time before September 4, 1858, when he commenced this action.

The defendants contended, that the notes were usurious ; that, as they were made for the accommodation of said Flanders, to enable him to raise money, which fact was known to the said John Tufts, they stood in the position of sureties ; that said Tufts, by extending the time of payment beyond one year, without the assent of the defendants, thereby discharged them from their liability ; and that, as the notes had been dishonored before they were taken by the plaintiff, the same defence is now open to them as would be if the action was now prosecuted in the name of John Tufts.

*Coburn & Wyman,* for the plaintiff.

*J. Crosby,* for the defendants.

The opinion of the Court was drawn up by

Davis, J. — The notes in suit were overdue when they were transferred to the plaintiff by John Tufts, to whom they were originally transferred by Flanders, the payee. The promisors can avail themselves of any defence against the plaintiff which would have been good against John Tufts, if he had not tranferred the notes.

There can be no doubt that John Tufts, when he received

the notes, knew that they were made by the defendants for the accommodation of Flanders. They, therefore, had no validity, as contracts, until they were discounted by him, and the retention of more than the legal rate of interest was usurious. *Knights* v. *Putnam*, 3 Pick., 184.

He discounted the notes the day after their date; and he agreed with Flanders to wait for payment one year and one day from the date. And, at the request of Flanders, he wrote upon the margin of each note — "this note runs one year and one day from date." It is contended that this was an alteration of the notes, and an extension of the time of payment. But the writing was evidently not intended to constitute any part of the notes. It was merely a memorandum of the agreement made between Tufts and Flanders. The time of payment was specified in the notes, and this would have been repugnant. But, construed as the evidence of the arrangement made by Tufts and Flanders, it agrees with the obvious intention of the parties.

Nor was this an agreement to extend the time of payment. The parties to it do not seem to have taken the days of grace into the account at all. This is apparent from the computation of interest. No days of grace were reckoned in the discount of the extra interest. The forty dollars reserved amounted to the interest for one year, and no more. The notes were therefore to be paid by Flanders in one year from that day. This agreement constituted no part of the notes, and did not, therefore, extend the time of payment beyond the days of grace. They were not due until one year and three days from their date.

The rights of the plaintiff being the same as those of John Tufts, he is entitled to recover nine hundred and sixty dollars, with interest thereon to Feb. 27, 1857, and, after deducting one hundred dollars from the amount, with interest upon the balance, to the date of the judgment. And the defendants are entitled to judgment against the plaintiff for their costs.

TENNEY, C. J., RICE, CUTTING, MAY and GOODENOW, JJ., concurred.