CHARLES A. MACY, Respondent, *v.* HIRAM N. KENDALL, Appellant.

*Notes, assignable.*—A non-negotiable note, endorsed by the payee, for the accommodation of the maker, will, in the hands of a holder for value, bind the assignor.

*Appeal from St. Louis Court of Common Pleas.*

*M. L. Gray,* for appellant.

I. The court erred in admitting in evidence the statutes of New York.

1. Because said statute was not pleaded, nor was any right asserted or claimed in the petition under the laws of New York. If the plaintiff claimed anything under the laws of New York, it was his duty to have pleaded that right and that law. (Leake v. Elliott, 4 Mo. 446; 7 Mo. 22.) Not having done so, it was irrelevant and error to introduce the laws of New York.

2. The averment in the petition that the note was payable in the city of New York was not any pleading of the statutes of that State sufficient to entitle plaintiff to introduce said statute. The court will not take judicial notice, without an averment to that effect, that New York is in the State of New York. (2 Barn. & Ald. 302–3; 6 Mo. 568; 1 Chitty's Pl. 247, and note; R. C. 1855, p. 1239, § 51, 52 & 53; 11 Mo. 431; 19 Mo. 551.)

II. Secs. 3 & 5, R. C. 1855, p. 222, are equivalent to the proposition that if the payee at the time of assignment could not recover from the maker the assignee cannot; for the assignee is to get no greater title to or interest in the note than the payee had.

The assignee stands or falls with the payee. If the payee can recover, the assignee can; if the payee cannot, the assignee cannot. (6 Mo. 265; 7 Mo. 402; 8 Mo. 107; 20 Mo. 354; see also 28 Mo. 330.)

The case in 6 Mo. 568, is conclusive against plaintiff's assumption or presumption that the note was payable in the

State of New York. As, then, the note was made in this State, and must be presumed to be payable in this State, the contrary not having been averred or shown, and certainly it is sought to be enforced here—our Missouri Statutes, secs. 3 & 5, p. 322, of vol. 1 R. C., 1855, clearly applies to this note, and makes it a non-negotiable note, on which an assignee before maturity cannot recover, where it was without consideration, and where the payee could not recover.

*Sharp & Broadhead*, for respondent.

I. A promissory note or other contract is construed, as to its nature, effect and obligation, according to the law of the place where by its terms it is to be performed. (Story on Conflict of Laws, § 280, 331, *et seq.* ; Story on Bills, § 147 ; Lord Mansfield in 2 Burr, 1077 ; 8 Paige, 261 ; 8 John. 189 ; 13 Peters, 65 ; 7 B. Monroe, 578 ; 6 Paige, Ch. R. 627 ; 13 Mass. 23 ; 12 Barb. 631 ; 11 Pick. 36 ; 2 Metc. 381 ; 3 Comst. 267.)

Promissory notes were in fact negotiable before the 3d and 4th of Anne Ch. p. 9, 1; though, to satisfy the scruples of Lord Holt, this act was passed. (Appendix to vol. 1 of Cranch's R. 367, 454 ; Brown v. Harraden, 4 Term, 151.) Since that time the provisions of the statute of Anne have been adopted as a part of the commercial law, and prevail in States even where no statute on the subject exists. (1 Ala. 527 ; Story on Prom. Notes, 6, 10 ; 3 Kent's Com. 70, 72.)

In the absence of proof to the contrary, a promissory note will be presumed to be negotiable in a sister State. (1 Ala. 527.)

It matters not whether the note was negotiable by the law of the State of New York or not. If the note was given for the accommodation of the payee, Berdan, the maker, is liable to the holder who has paid value for it. (Edw. on Bills & Prom. Notes, 316 ; 6 Wend. 66 ; 3 Esp. 46 ; Story on Prom. Notes, 210.)

The making of the note for the accommodation of the payee, to enable him to raise money on it, is a sufficient considera-

tion to the party who advances the money.    (Story on Prom. Notes, 203.)

The maker stands in the attitude of security for the payee so far as the holder is concerned ; as he, in fact, authorizes the payee to sell the note upon the credit of his name, and to raise the money on it, and this is as good a consideration as if he had received the money himself.    (9 Yeger, 6 ; 5 B. Monroe, 399.)

BAY, Judge, delivered the opinion of the court.

Defendant was sued in the St. Louis Court of Common Pleas upon a promissory note in the words and figures following, to wit:

" $2,500.                    St. LOUIS, Mo., August 25, 1858.

" Six months after date, I promise to pay to the order of H. Berdan twenty-five hundred dollars, value received—payable at Park Bank in the city of New York.

H. N. KENDALL."

The note was assigned before maturity to plaintiff for value.

The answer of defendant admits the execution of the note and the assignment, but sets up as a defence that it was an accommodation note and executed without any consideration.

Upon the trial, it was shown that the note was executed for the accommodation of Berdan, and to enable him to réalize money by negotiating it in the east.

The court instructed the jury as follows :

" If the note sued on was made by defendant and delivered to Berdan, and he was authorized by defendant to use the note or negotiate it for the purpose of obtaining money thereon, and said Berdan did transfer said note to plaintiff for value, in the city and State of New York, before its maturity, then the plaintiff should recover."

The jury having found for the plaintiff, the defendant in due time moved for a new trial ; which being overruled, he appeals to this court.

It is insisted by the appellant that he is protected by the

Macy v. Kendall.

3d section of our statute relating to bonds, notes and accounts, (1 R. C. 1855, p. 322,) which reads as follows:

"The obligor or maker shall be allowed every just set-off or other defence against the assignee, or the assignor, existing at the time of or before notice of assignment, unless it shall be expressed in the bond or note that the same is for value received, negotiable and payable without defalcation."

In the view we take of this statute, we do not see (even supposing the note not to be negotiable according to the laws of New York) how it can be made available to the defendant. By no reasonable construction of the statute can it be made to embrace a case of this kind. Its object is simply to enable a maker in a contest between himself and the assignee to avail himself of any equities existing between the original parties, and has reference to a supposed existing liability. In this case no liability was imposed upon the defendant, nor did any validity attach to the note until it passed out of the hands of Berdan.

Between Kendall and Berdan it was a mere loan of credit, designed to enable Berdan to borrow money in market, and until negotiated was without vitality. (Edwards on Bills and Prom. Notes, 315; Story on Prom. Notes, 207.) Kendall executed it for no other purpose, and it was a part of the contract that it should be negotiated in the event Berdan should need the money. Having thus executed the note with an eye to its negotiation, it would be a strange statute indeed which would protect him from its payment in the hands of an assignee for value, because it was a mere accommodation to the payee. We can find nothing in the statute which will warrant any such construction.

The other judges concurring, the judgment will be affirmed, with ten per cent. damages.