66     71
s32NW  926
132    580

JOHN R. BROWN .v. ALEXANDER ST. CHARLES.

*Promissory notes—Delivery on condition—Sale by payee—Trover.*

The payee in a note given on the delivery by him of a deed of land
to the maker on condition that, if the maker fails to sell the
land to third parties, the title of the payee should be defeated
and the note be returned to the maker, has a *conditional* title to
the note, subject to be defeated by the non-sale of the land, and
is liable in trover for the value of the note in case he disposes of
it and the land is not sold.

Error to Clare.    (Hart, J.)    Argued April 20, 1887.
Decided May 5, 1887.

Trover.    Plaintiff brings error.    Reversed.    The facts are
stated in the opinion.

*J. L. Potts* and *W. A. Burritt*, for appellant.

*H. H. Graves*, for defendant.

MORSE, J.    The plaintiff sued the defendant in trover for
the alleged conversion of a promissory note.

The defendant had verdict and judgment in the court
below.

The plaintiff alleges as error that the charge of the court
was misleading, and not correct in law as applied to the facts
and the claims of the respective parties to the suit.

It seems that some parties residing at Roscommon, in this
State, were desirous of obtaining a foothold at the village of
Meredith, in Clare county, for the purpose of selling intox-
icating liquors.

The village lots in Meredith were all sold and conveyed by
the original proprietor of the village plat with a condition
prohibiting the sale of liquor upon the premises so conveyed.
One Silkworth was offered by the Roscommon parties a large

sum of money if he would procure for them a piece of land at Meredith upon which they could engage in the liquor business. The defendant had tax titles to a lot of land, just outside the village plat, and not within the prohibition against the sale of liquor. Silkworth applied to him to purchase this land, and defendant agreed to sell it to him for $500. Silkworth, however, had no money, and defendant would not trust him. Arrangements were then made by which the plaintiff was to become security for Silkworth. The parties went to one John Quinn, who drew the papers for them. The defendant executed and acknowledged a warranty deed of his land, running to plaintiff, and the plaintiff executed a note to defendant for $500, payable in 10 days from its date. Brown took the deed, and he and Silkworth immediately boarded the train for Roscommon to sell the land to the liquor dealers. They were unable to dispose of it for reasons not material to the issue here, and returned to Meredith.

When they arrived home, they found that St. Charles had negotiated the note at the bank, taken the proceeds of the discount, and gone to Canada. St. Charles returned to Meredith after eight or ten days, but this suit was commenced before he came back. As soon as he returned, Brown tendered the deed to him, and demanded his note, which tender and demand were refused. The above facts are undisputed and conceded.

Upon the trial the plaintiff claimed and testified that he had no interest in the deed, but was acting solely to aid and accommodate Silkworth. In the first place, Silkworth wanted him to sign a note with him in payment of the land. Plaintiff did not wish to do so, because he was afraid Silkworth would not be able to sell to the Roscommon people. To obviate this, St. Charles proposed to give them 10 days in which to dispose of the land, and an agreement was finally consummated by which St. Charles executed his deed to Brown, and Brown gave St. Charles his note. If Silkworth

did not make the trade with the Roscommon parties, St.
Charles was to return the note, and receive back his deed.
St. Charles was to hold the note until Brown and Silkworth
returned from Roscommon.   He claims that the title to the
note or land did not pass, there being only a conditional
delivery of each, with the clear and distinct understanding
that, in case there was no sale by Silkworth within the ten
days, the transaction should be as naught, and the papers
returned to the parties who executed them.   In this he is
fully corroborated by the testimony of Silkworth and Quinn.

On the other hand, the defendant testifies and claims that
there was an absolute sale of the premises by him to Silk-
worth, and an absolute delivery of both the deed and note.
He denies any such agreement as the plaintiff claims, but
admits that, after the transaction was closed and the papers
had passed, just as Brown was hurrying to catch the train,
plaintiff said to him: " Provided I don't make this sale up
there, will you take this land back, and give me back my
note?"   To which he replied, " Yes."

Defendant claims he negotiated the note the same day, and
went to Canada, because he got a letter from his people there
stating some of them were sick.   He admits that, after he
came back, he promised to take the note up, but did not do
so.   The plaintiff was obliged to and did pay the note to the
bank.   He never recorded the deed, and testifies that he
never regarded it as of any value.   He had kept it simply to
use on the trial of the cause, and produced it in court upon
such trial.

The controversy in this case lies in a nutshell.   If the jury
believed the story of the plaintiff, he was entitled to recover,
and the court below should have so instructed them.   If the
story of the defendant was the true statement of the trans-
action, he was entitled to a verdict.   The defendant was not
entitled to dispose of the note as he did unless he had the
absolute right and title to it at the time he sold it.   If the

evidence on the part of the plaintiff was true, he had no such right and title, unless the land was sold by Silkworth and the plaintiff at Roscommon. He had, however, a conditional right and title to the instrument, which would become absolute if such sale was made. The court should have instructed the jury plainly in this respect. It does not appear to me that he did so. He instructed the jury:

"If you find it [the note] was the property of Mr. Brown, and Mr. St. Charles had *no right or title* to it, then the plaintiff should have a verdict under the pleadings in this case; but, should you find that Mr. St. Charles had *some title* to the note when he sold it, then the defendant should have a verdict; because, as I understand by the pleadings in this case, the plaintiff bases his right of action in this action on a *total want of title* in the defendant of the note at the time of sale to the bank. So, too, should you find that by the terms of the agreement the title to the land was to pass to Brown, and the title of the note to pass to Mr. St. Charles."

Here the circuit judge clearly enough informs the jury that, under the pleadings, which were the usual declaration in trover and plea of general issue, not only could the defendant recover if the title passed as claimed by St. Charles, but the verdict in any event must be for the defendant, unless there was shown a total want of title in the defendant.

If the title held by St. Charles was a conditional one, which did not become absolute until the sale of the land at Roscommon, and if the agreement was that in default of such sale his title should be defeated and the note returned to Brown, he had no right whatever to sell the note when he did, as against the plaintiff, and would be liable for its conversion in an action of trover by him.

But the court does not so tell the jury at any time during his charge. The nearest he comes to it is at the end, where he says:

"Now, gentlemen, take this case, and candidly and fairly consider the testimony, and all the facts and circumstances; and should you find that Mr. Brown was the owner of the

note at the time Mr. St. Charles sold it, and St. Charles had *no* title to it, your verdict should be for the plaintiff for the face of the note. * · * * Should you find that the defendant had *some title or right* to the note under the law as I have explained it to you, your verdict should be for the defendant."

And this is equivalent to saying that not only must Brown be the owner of the note, but St. Charles must also be found not to have any right or title to it; if he had some right or title, the plaintiff must fail.

This charge is complained of as misleading; that it gave the jury to understand and infer that if St. Charles had any right to the possession of the note at the time he sold it, or a conditional title to it, the plaintiff could not recover in trover for the sale of it. We think the complaint is justly made. The preponderance of proof, as shown by this record, is so manifestly with the plaintiff in his claim of the transaction that it is evident to my mind that the jury must have taken this view of the judge's charge. That it is open to such construction cannot be well disputed.

The judgment is reversed, and a new trial granted, with costs of this Court to plaintiff.

The other Justices concurred.