CENTRAL SAVINGS BANK *v.* O'CONNOR.

1. BILLS AND NOTES—CONDITIONAL DELIVERY—EVIDENCE.
   Parol evidence is admissible to prove that a promissory note, unconditional in terms, was placed in the hands of the payee with the understanding that it should not become a binding obligation until the happening of some event.

2. SAME.
   Parol evidence is inadmissible to introduce conditions or modifications of the terms of a promissory note which has been delivered into the hands of the payee, to take effect presently as the obligation of the maker.

3. SAME.
   In an action upon a note unconditional in terms, given for the purchase price of a chattel mortgage and note, evidence is inadmissible to show that it was given with the understanding that it should become void if the maker of the chattel mortgage should be declared a bankrupt.

4. SAME—CONSIDERATION—BANKRUPTCY.
   Where a note, indorsed by persons against whom it may be enforced, and a chattel mortgage, are given as the consideration of other notes, the consideration does not wholly fail, though the maker of the former note becomes a bankrupt.

5. GENERAL AND SPECIAL VERDICT—JUDGMENT.
   Where there is no special verdict inconsistent with the general verdict, a judgment *non obstante veredicto* should not be entered.

Error to Wayne; Donovan, J. Submitted February 3, 1903. (Docket No. 66.) Decided March 30, 1903.

*Assumpsit* by the Central Savings Bank against George M. O'Connor and William J. Hammond on promissory notes. From a judgment for plaintiff *non obstante veredicto*, defendants bring error. Reversed.

*Charles W. Casgrain* (*E. A. Fink*, of counsel ), for appellants.

*Barbour & Rexford*, for appellee.

MONTGOMERY, J. This action is brought upon two promissory notes aggregating $1,523.47, made by the defendant O'Connor and indorsed by the defendant Hammond. The notes bear date February 1, 1901. The plaintiff made its case by introducing them in evidence. The defendants then offered to show by a parol agreement made at the time said notes were executed, and which is set out in a notice under the general issue, in substance as follows: That the notes were given for the amount of a chattel mortgage which plaintiff held upon the property of the J. R. Pearson Company, which property defendant O'Connor had purchased; that the title to said notes never passed to said plaintiff; that the notes were delivered to plaintiff upon the clear and distinct understanding and condition, agreed to by said plaintiff, that in case the said J. R. Pearson Company should thereafter be forced into bankruptcy by any of its creditors, upon proceedings instituted by them for that purpose, and adjudicated a bankrupt, said notes would thereupon, in the event of the happening of such contingency, become and be null and of no effect, and were not to be paid, and that it was upon said condition said notes were delivered to said plaintiff; and that it accepted and held, and still holds, them, and each of them.

The evidence of the defendants upon this subject, which is most favorable to the defense, is, in substance, this: That the notes were executed in consideration of the transfer by the plaintiff to the defendant of a chattel mortgage and accompanying note of the J. R. Pearson Company, which note was indorsed by J. R. Pearson, F. H. Crawford, and A. J. Franklin. Defendant testifies that, after the notes were signed and indorsed, he then said to Mr. Fox, plaintiff's representative:

" These notes are delivered to you on the condition that if this concern is put in bankruptcy by reason of any of these creditors petitioning because of this chattel mortgage having been given, or an execution having been levied and the goods sold under the execution, which are both acts of bankruptcy, then the notes are to be null and void; and Mr. Fox says, ' That is my understanding of it, and I ac-

cept them so;' and he says, 'You know that there is nothing going to be done about it.'"

On the trial of the case the court submitted the case to the jury upon the instruction that, if the claim set up by the defense was true, the plaintiff could not recover. The jury returned a verdict for the defendants. Afterwards a motion for a new trial or for the entry of a judgment *non obstante. veredicto* was entered, and the court, after consideration, entered a judgment for the plaintiff *non obstante veredicto*. The defendants bring error.

The meritorious question is whether the defense set out in this notice is one which can be established by parol testimony. It is doubtless true, as contended by the appellants' counsel, that it may be shown that a promissory note, unconditional in terms, was conditionally delivered; that is to say, that it was placed in the hands of the payee, but with the distinct understanding that it was not to be operative or to become a binding obligation until the happening of some event. *Brown* v. *St. Charles*, 66 Mich. 71 (32 N. W. 926); *Burke* v. *Dulaney*, 153 U. S. 228 (14 Sup. Ct. 816). On the other hand, the rule is firmly established that where a promissory note for a certain amount, payable at a certain time, is delivered into the hands of the payee, to take effect presently as the obligation of the defendant, parol evidence to introduce conditions or modifications of the terms is not admissible. The case of *Hyde* v. *Tenwinkel*, 26 Mich. 93, illustrates this rule. It was there held that an attempt to show a verbal contemporaneous agreement to reduce a note from an absolute and specific promise to a defeasible engagement was inadmissible. The same rule has been followed, one of the recent cases being *Phelps* v. *Abbott*, 114 Mich. 88 (72 N. W. 3); *Burns & Smith Lumber Co.* v. *Doyle*, 71 Conn. 742 (43 Atl. 483, 71 Am. St. Rep. 235). We think it clear that the present case falls within that line of cases which precludes parol evidence offered to vary the terms of a written instrument. If we adopt the testimony of the defendant as correctly stating the transaction, and more

certainly if we adopt the terms of the notice of defense by which the defendant was bound, these notes were delivered to take effect presently, but upon the alleged parol agreement that they were to become void in the event that a certain contingency should happen. This is no more than averring that plaintiff entered into a contemporaneous parol agreement that, while the defendant's obligation bound him to pay absolutely the sums of money at specified times, yet in a certain contingency this sum should not be payable at all, and the notes be redelivered.

It is suggested, also, that there was a total failure of consideration. This cannot be held, for the reason that there was transferred to the defendant, in consideration for the notes, the chattel mortgage and promissory note of the J. R. Pearson Company, which note had indorsers against whom it would be enforceable. There was no absolute and total failure of consideration, and no defense of partial consideration was noticed under the general issue.

We think, however, that the practice adopted in this case was mistaken. There is no verdict which supports the judgment entered *non obstante veredicto.* Had there been a special verdict inconsistent with the general verdict, such a judgment might have been proper.

We think the case should be reversed and remanded for a new trial. No costs will be awarded to either party on this hearing.

The other Justices concurred.