The McCormick Harvesting Machine Company, Appellee,
v. Daniel Morlan, Appellant.

121 451
126 124

**Sales: CONTRACT: CONDITIONAL DELIVERY: PAROL EVIDENCE.**
    Where one executes a contract for the purchase of a machine
    and deposites it with the seller's agent to be held for further
    direction, there is no delivery; and it is competent in a suit on
    the contract to show such conditional delivery by parol.

*Appeal from Carroll District Court.*—Hon. Z. A. Church,
Judge.

WEDNESDAY, OCTOBER 21, 1903.

ACTION upon a written contract for the purchase of a
mowing machine.    Defendant admits the signing of the
contract and a tender of the machine, but avers that the
contract was not delivered to plaintiff, and further pleaded
that his signature to the instrument was obtained by

fraud.   On these issues the case wast tried to a jury, re-
sulting in a directed verdict for the plaintiff.   Defendant
appeals. — *Reversed.*

*M. W. Beach* and *M. R. McCrary* for appellant.

*Lee & Robb* for appellee.

Deemer, J.—Defendant offered evidence to the effect
that he signed the order or contract for the machine, and
gave it to an agent of plaintiff to hold until he found out
about the price of another machine which had been
offered him, and that this agent was to hold the order, and
not send it to the plaintiff until he had heard from de-
fendant again.   He also testified that, after ascertaining
the price of the other machine, he gave the agent no auth-
ority to deliver the contract, and that he never at any
time told him to deliver it to the plaintiff.   Some evidence
was also introduced for the purpose of showing fraud on
the part of this agent, but, in view of our conclusion, it is
not necessary to consider this evidence.

The trial court struck out all the testimony relating
to the agreement about the delivery of the contract, and
directed a verdict for plaintiff.   This was clearly erron-
eous.   The evidence regarding delivery did not tend to
vary or contradict the terms of the agreement; and it is
always competent, as we understand it, to show by parol
that a written instrument like the one in suit was never
in fact delivered.   Browne on Parol Evidence, section 32
*et seq*; *Whitaker v. Salisbury,* 15 Pick. 534; *Leppoc v. Bank,*
32 Md. 136; *Reynolds v. Robinson,* 110 N. Y. 654 (18 N. E.
Rep. 127).   Such evidence does not offend against the rule
that parol testimony is not admissible to vary or contra-
dict the terms of a written contract, but is received for
the purpose of showing that it never became operative.
Delivery involves something more than the mere passing
over of the papers.   Intent to make it operative is also an

essential. This is fundamental doctrine. Bishop on Contract, section 349 *et seq.*, and cases cited. *Hogueland v. Arts*, 113 Iowa, 640. These rules are so elementary that it is hardly necessary to discuss them. The, trial court, as we understand it, held, however, that, as there was actual delivery to the seller's agent, it was not competent for defendant to show that this agent was to hold the contract in escrow; that the delivery to him was conditional, or that he (the defendant) did not in fact intend to make delivery to the plaintiff. Had the instrument been a deed, there might, perhaps, be some basis for this holding. *Westman v. Krumweide*, 30 Minn. 313 (15 N. W. Rep. 255); *Braman v. Bingham*, 26 N. Y. 483. But that rule does not obtain as to simple contracts. *Burke v. Delaney*, 153 U. S. 228 (14 Sup. Ct. Rep. 816, 38 L. Ed. 698); *Westman v. Krumweide, supra*; *Juilliard v. Chaffee*, 92 N. Y. 529; *McFarland v. Sikes*, 54 Conn., 252 (7 Atl. Rep. 408, 1 Am. St. Rep. 111); *Wilson v. Powers*, 131 Mass. 539. This distinction is clearly pointed out in Bishop on Contracts (Enlarged Ed.) section 357. Moreover, the evidence tended to show that the contract was delivered to the plaintiff's agent to be held for defendant, and not to be delivered until further directions from him. It was not delivered to the plaintiff's agent as such, but the agent was made the representative of the defendant, to hold the contract for certain specified purposes. Under this state of facts, it is clear there was no delivery to the plaintiff, and the court was in error in striking out the evidence and in directing the verdict. See, as sustaining our conclusions, *Cin. R. R. Co. v. Iliff*, 13 Ohio St. 235; *Watkins v. Bowers*, 119 Mass. 383; *Brown v. St. Charles*, 66 Mich. 71 (32 N. W. Rep. 926); *Benton v. Martin*, 52 N. Y. 570; *Sweet v. Stevens*, 7 R. I. 375. The point was not involved in *Bemis v. Allen*, 119 Iowa, 160, hence what is said in that case is not controlling.

The judgment is REVERSED.