LANPHERE *v.* ACKLES.

1. SALES — BILLS AND NOTES — CONDITIONAL DELIVERY OF NOTE
QUESTION FOR JURY.

In an action on a note given by defendant to plaintiff, the question as to whether said note was given conditionally, its payment being dependent on a lighting plant installed by plaintiff for defendant being made to work satisfactorily, *held,* for the jury.

2. SAME—WARRANTY—ADMISSIONS.
   Where plaintiff testified that he told defendant that if
     she would give the note he would make the electric light-
     ing plant work, his claim that he did not admit the
     making of any warranty is without support.

Error to Gratiot; Moinet (Edward J.), J.    Sub-
mitted June 16, 1922.    (Docket No. 112.)    Decided
October 2, 1922.

Assumpsit by George N. Lanphere against Abigail
Ackles on a promissory note.    Judgment for defend-
ant.    Plaintiff brings error.    Affirmed.

*Searl & Searl,* for appellant.

*George P. Stone* and *C. H. Goggin,* for appellee.

SHARPE, J.    The defendant, a widow about 70 years
of age, was solicited by the plaintiff, a business man at
Ithaca, to purchase a gas engine and lighting plant to
light her farm home and out buildings, and signed an
order therefor.    This order does not appear in the
record.    Her daughter and son-in-law, who lived with
her on the farm, advised against the purchase.    The
plant was installed in November, 1916.    It is the
claim of the defendant that she executed this order on
the representation of the plaintiff that the use of the
engine a few hours each day while pumping water,
separating the milk, etc., would sufficiently charge the
storage batteries to furnish light for the buildings
during the hours when lights are required in farm
homes.    It is also her claim that the plant as in-
stalled failed to do this, notwithstanding repeated
efforts on the part of the plaintiff to make it do so.
On January 5, 1917, defendant signed and delivered to
plaintiff a promissory note, payable in one year, for
$378.66, the purchase price of the plant.    It was
accompanied by an agreement reserving title in plain-
tiff until the plant was paid for.    Defendant claims

that this note was executed at the request of plaintiff; that it was not a final acceptance of the plant; that repeatedly thereafter plaintiff at her request attempted to make the plant furnish the light as represented but failed to do so and that she finally requested him to remove it from the premises. On July 6, 1918, plaintiff began suit on the note. Defendant with her plea gave notice of the defense indicated above. The claims of the parties were submitted to the jury and a verdict rendered for the defendant. The plaintiff reviews the judgment entered thereon by writ of error.

1. Plaintiff insists that the defense at most raised but a partial failure of consideration, that no notice of recoupment was given and under the record as made he was entitled to a directed verdict. Whether the note was given in settlement of plaintiff's claim or was delivered conditionally, its payment being dependent on the lighting plant being made to work satisfactorily, was a question for the jury. The plaintiff testified "I had told her if she would give that note I would make the plant work." In *Central Savings Bank* v. *O'Connor*, 132 Mich. 578, 580 (102 Am. St. Rep. 433), it was said:

"It is doubtless true, as contended by the appellants' counsel, that it may be shown that a promissory note, unconditional in terms, was conditionally delivered; that is to say, that it was placed in the hands of the payee, but with the distinct understanding that it was not to be operative or to become a binding obligation until the happening of some event. *Brown* v. *St. Charles*, 66 Mich. 71; *Burke* v. *Dulaney*, 153 U. S. 228 (14 Sup. Ct. 816)."

If the lighting plant was installed under the warranty relied on by defendant and the note was delivered conditionally as claimed by her and there was at the time the note was sued on a breach of the warranty, we think it was open to defendant, as the

suit was between the original parties, to show that the lighting plant was of no value to her for the purpose for which it was purchased and there was, consequently, a total failure of consideration.  These facts were presented to the jury who found adversely to the plaintiff.  We find no error in their submission. The conclusion thus reached disposes of many of plaintiff's assignments.

2. Error is assigned on several parts of the charge. In stating plaintiff's claim the court said:

"He further claims that there was a valuable consideration passing for the giving of this note and he further claims in that regard that the plant was as it was represented and warranted by him to be, and he claims he performed his contract in that regard; and she claims that he did not, that the plant was not up to the warranty which he made."

Counsel urge that the plaintiff did not admit the making of any warranty of the plant.  We do not think this claim supported by the record.  He testified:

"I saw their buildings and told them my plant would light their buildings.  This plant was a storage plant.  *  *  *  I told them that it would light all of the lamps that I did install.  *  *  *  I might have told them that perhaps it wouldn't take more than the time that they were pumping to be sufficient to charge their batteries for lighting their buildings, I can't recall that exactly, but it is possible that I said that.  *  *  *  At the time I put the plant in there, they wanted to try it before they paid for it.  *  *  * I had told her if she would give that note I would make the plant work."

The several issues were carefully submitted to the jury by the trial court.  We find no abuse of discretion in his refusal to grant a new trial.

The judgment is affirmed.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.