RUNCIMAN v. BROWN.

1. ACTION—MAKERS OF SEPARATE NOTES MAY NOT BE JOINED IN ONE ACTION.
   Since the language of 3 Comp. Laws 1915, § 12309, contemplates a joint or common liability of some character by each defendant authorized to be joined in one action, it does not authorize the joining as joint defendants in one action members of a co-operative association who are severally obligated upon separate and independent notes, although the notes are of like amount and kind and were issued for the same purpose.

2. CONTRACTS—PROMISSORY NOTES—MAKERS NOT LIABLE WHERE CONDITIONS NOT COMPLIED WITH.
   The receiver of an insolvent co-operative association could not recover on notes given by members of the association under an agreement attached thereto that they should be used only for collateral security, and that, to be effective, they must be indorsed to creditors of the association, where they were never used as collateral by the association, but were found among its assets by the receiver.

Certiorari to Kent; Brown (William B.), J. Submitted April 17, 1923. (Docket No. 80.) Decided June 4, 1923.

Assumpsit by C. H. Runciman, receiver of the McCords Co-operative Association, against Duane Brown and others upon certain promissory notes. From an order denying a motion to dismiss, defendants bring certiorari. Reversed.

*Richard L. Newnham* (*J. T. & T. F. McAllister*, of counsel), for appellants.

*Fred P. Geib*, for appellee.

BIRD, J.    The McCords Co-operative Association was incorporated for the purpose of dealing in farm produce.    After a time the members of the association fell into discord, and plaintiff was appointed receiver to wind up its affairs.    Plaintiff found the association was insolvent.    Among its assets were a large number of promissory notes for $100 each given by the members, payable to the order of the association.    Thirty-four of the makers refused to pay their notes, and this suit was begun to enforce the collection thereof.    The 34 defendants were joined in one suit.    The notes were in the following form:

"P. O. ........McCords, Michigan ........19....
"On demand for value received I promise to pay to the order of the McCords Co-operative Association one hundred dollars ($100.00) at the City State Bank of Lowell, Michigan, without interest until after demand and then with interest at the rate of seven per cent. per annum from date of demand until paid.
"This note is given to be used as collateral security only and may be indorsed over to any bank or person making any loan to the said McCords Co-operative Association of which association I am a stockholder, and the making of any such loan, shall be sufficient consideration for my making this note.    At any time any bank or person, who having made a loan to the said McCords Co-operative Association and holding this note as collateral security, may deem themselves insecure on any such loan they may make demand on this note and enforce collection.
    No. ....................
    Demand made............   Signed.............."

After service of process counsel appeared for 22 of them and moved to dismiss the proceedings for the reasons:

(1) That there is a misjoinder of defendants.
(2) That the declaration did not show any cause of action against either, any, or all of the defendants.

These objections were overruled by the trial court and the questions are now here for review on certiorari.

1. The plaintiff seeks to justify the joining of the numerous defendants in one suit by the provisions of section 12309, 3 Comp. Laws 1915. We are unable to discover anything in this section which authorizes the plaintiff to join in one suit several defendants who are severally obligated upon 22 separate and independent contracts. The language of the foregoing section that,

"and if there be more than one defendant, the liability must be one asserted against all of the material defendants,"

contemplates a joint or common liability of some character by each defendant. No defendant named in this suit has any interest or obligation in the note of any other defendant. The mere fact that the notes are of like amount and kind, and were issued for the same purpose, does not make one defendant interested in the obligation of any other defendant. It would be difficult to determine what kind of a judgment would be entered in such a case. If a judgment against all were entered, then the entire amount could be collected from one defendant who was in no wise obligated on the contracts of his codefendants.

The general rule in joining defendants is:

"Where causes of action affecting different parties defendant are joined, it is necessary that each cause of action affect all of the defendants, this necessity resulting from the rule common to all of the codes that causes of action may be joined only when they affect all the parties to the action. It results from this rule that there must be a common or a joint liability to warrant the joinder of different causes of action against two or more persons." 23 Cyc. p. 426.

It was not the intention of the judicature act to

change this rule, except to join defendants who had a common interest or liability, but of a different character. That is not the situation in the present case, because no one of the note makers has any obligation in the note of his codefendant.

Plaintiff further says in justification of the joinder that the convenient administration of justice is promoted by bringing one suit against these defendants. We are unable to concur in this conclusion. Each defendant must be served with process, each note must be established and a separate judgment must be entered against each.

Counsel also makes the claim that the obligations sued upon are in fact all a part of a single scheme or plan in which the makers were jointly interested for their mutual advantage. This may be so, but that is not the theory of this suit. Whatever their respective interests may have been in the association, each maker assumed a certain and fixed liability and evidenced it by a note for the amount, and this suit is to recover upon that obligation.

There may be circumstances which lie back of the notes which will enlarge their obligations in behalf of the association, but if there are, they must be determined in some other proceeding. The theoretical liability of the members for the debts of the association cannot take the place of the plain terms of their respective contracts involved in this suit.

2. Counsel for defendants insist that these notes were given as accommodation notes, that they were never used by the association, and, therefore, no liability attaches. Plaintiff's theory is that these notes were used to give credit to the association, and in a way stood in the place of capital stock, and that the members of the association had a common purpose, and, therefore, the notes are holding for the debts of the association. These are simply theories

which are not important in this suit.    This suit was begun upon certain express contracts and the terms of these contracts must control.    The agreement which is attached to the notes provides:

(*a*)  That the notes should be used only for collateral security.

(*b*)  That they might be indorsed to any person or bank making a loan to the association.

(*c*)  That to be effective they must be indorsed to creditors of the association.

(*d*)  That anyone holding the note as collateral security could enforce the collection thereof.

It is our understanding that none of these conditions were present with these notes.    They had not been indorsed to any creditor as collateral security. They were, in fact, never used as collateral security, and a fair inference is that no recovery could be had unless indorsed to a third party.    Under these circumstances, it is very clear to us that the notes never passed into the hands of a third party, and if they did not, no recovery could be had upon them.

It was said in *Second Nat. Bank of St. Paul* v. *Howe,* 40 Minn. 390 (42 N. W. 200, 12 Am. St. Rep. 744), that:

"This was accommodation paper, and had no validity until it was discounted or had passed into the hands of a holder for value.    As between the makers and McLain, it was not binding, nor did it become an obligation of the defendants until negotiated. *Tufts* v. *Shepherd,* 49 Me. 312; *Macy* v. *Kendall,* 33 Mo. 164; *Smith* v. *Wyckoff,* 3 Sand. Ch. (N. Y.) 77. And until negotiated, the defendants could withdraw from and rescind their engagement upon it.    1 Daniel on Negotiable Instruments, § 191; *Downes* v. *Richardson,* 5 Barn. & Ald. 674; *Whitworth* v. *Adams,* 5 Rand. (Va.) 333, 342; 2 Am. & Eng. Enc. Law, p. 365, and cases cited."

The trial court should have granted defendants' motion to dismiss the proceeding.

The order denying defendants' motion will be vacated and one entered in the trial court dismissing the suit.	Defendants will recover their costs in this court.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.