### TAYLOR v. RUGENSTEIN.

1. LIMITATION OF ACTIONS—STATUTE GENERALLY BEGINS TO RUN FROM DAY OF DELIVERY OF DEMAND NOTE.

    The general rule is that suit may be brought on a demand note immediately after delivery, and therefore the statute of limitations begins to run from the day of delivery.

2. BILLS AND NOTES—ACCOMMODATION DEMAND NOTES—WHEN CAUSE OF ACTION ACCRUES.

    As long as an accommodation demand note remained in the hands of the payee it was without consideration, it could have been withdrawn or canceled by the maker, and no cause of action accrued thereon.

3. EVIDENCE—PAROL EVIDENCE—VARYING WRITTEN INSTRUMENT.

    It may be shown by parol evidence, without violating the rule against varying instruments by oral testimony, that a promissory note, unconditional in terms, was conditionally delivered and was not to become a binding obligation until the happening of a certain event.

4. BILLS AND NOTES—WHEN ACCOMMODATION PAPER HAS VALIDITY.

    Accommodation paper has no validity until it is discounted, or until it passes for value into the hands of a third party.

5. LIMITATION OF ACTIONS—STATUTE RUNS FROM DATE ACCOMMODATION DEMAND NOTE IS USED AS COLLATERAL.

    Where an accommodation demand note was used by the payee as collateral incident to a loan made by it, the statute of limitations began to run from the day it was so delivered as collateral rather than from the date of its execution and delivery to the payee.

Case-made from Lapeer; Smith (Henry H.), J. Submitted October 17, 1928. (Docket No. 58, Calendar No. 33,843.) Decided December 4, 1928.

Assumpsit in justice's court by Ernest H. Taylor against Charles Rugenstein on a promissory note.

On admissibility of parol evidence to show that bill or note was delivered upon condition, see annotation in 18 L. R. A. (N. S.) 288; L. R. A. 1917C, 306.

There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for defendant on a directed verdict. Plaintiff appeals. Reversed.

*Herbert W. Smith,* for appellant.

*Glen Smith,* for appellee.

North, J.   This suit was brought March 12, 1927, in justice's court on the following note:

"March 6, 1920.
"On demand after date, I promise to pay to the Thomas Farm Bureau Local, the sum of one hundred dollars ($100). For value received, without interest. Payable at the office of the organization.
"Charles Rugenstein.
"Limit of liability of this note $100."

The foregoing note bore the general indorsement of the payee. The statute of limitations was pleaded. On appeal to the circuit court a verdict in favor of the defendant was directed. The plaintiff reviews the judgment entered by case-made.

The defendant and others in the vicinity of the village of Thomas, Michigan, organized the Thomas Farm Bureau Local for the purpose of operating an elevator and buying and selling produce. Incident to the organization, each member signed a demand note similar in form and amount to that above quoted. These notes were placed in the possession of the secretary and treasurer of the association on the 6th of March, 1920, to be used as collateral in borrowing money to carry on the business of the association at any time it should be in need of funds. The notes of the defendant and two other members were delivered to the plaintiff as collateral to secure a loan obtained from him by the association on

April 3, 1923. The association's note was not paid, and the plaintiff sought satisfaction of the obligation through the collateral notes. The two other notes given as collateral were paid, but the defendant refused to pay on the ground that the statute of limitations had run before suit was instituted (March 12, 1927). This claim was resisted on the theory that nothing was due on the note until it was deposited as collateral on April 3, 1923. If plaintiff's contention in this regard is well founded, the statute of limitations had not run when suit was brought.

The Michigan statute provides:

"All actions in any of the courts of this State shall be commenced within six years next after the cause of action shall accrue and not afterwards, except as hereinafter specified."  *  *  *  3 Comp. Laws 1915, § 12323.

The controlling question is: When did a cause of action accrue on the defendant's note? This note is payable on demand. The general rule is that suit may be brought on a demand note immediately after delivery, and therefore the statute of limitations begins to run from the day of delivery. *Palmer* v. *Palmer,* 36 Mich. 487 (24 Am. Rep. 605); *In re King's Estate,* 94 Mich. 411, 425; 2 Daniel on Negotiable Instruments (6th Ed.), § 1215, and many cases cited. But the note herein involved was given to the payee as an accommodation note only. So long as it remained in the hands of the payee it was without consideration, it could have been withdrawn or canceled by the maker, and no cause of action accrued thereon. *Runciman* v. *Brown,* 223 Mich. 298. It may be shown by parol evidence that a promissory note, unconditional in terms, was conditionally delivered and was not to become a binding obligation

until the happening of a certain event. *Central Savings Bank* v. *O'Connor,* 132 Mich. 578 (102 Am. St. Rep. 433). This does not violate the rule against varying instruments by oral testimony. It is merely showing that the contract has not come into actual being or that it did not become a contract *in praesenti* until the happening of the event. 3 R. C. L. p. 862. Accommodation paper has no validity until it is discounted, or until it passes for value to the hands of a third party. *Second Nat. Bank of St. Paul* v. *Howe,* 40 Minn. 390 (42 N. W. 200, 12 Am. St. Rep. 744), cited in *Runciman* v. *Brown, supra;* 1 Daniel on Negotiable Instruments (6th Ed.), § 191. No cause of action accrued on the note here in suit until it was delivered as collateral incident to the loan made by the plaintiff. The only fair inference to be drawn from the record is that such delivery occurred April 3, 1923. The statute of limitations began to run against this note on the day of its delivery to the plaintiff and not before, notwithstanding it bore a prior date. *Webber* v. *Webber,* 146 Mich. 31. Suit was brought within six years after the delivery, and hence before the right of action was barred by the statute. Relative to delivery of a negotiable instrument, see the provisions of the uniform negotiable instruments act (2 Comp. Laws 1915, § 6057).

The judgment of the lower court is set aside and a new trial ordered. The appellant will have costs of this court.

Fead, C. J., and Fellows, Wiest, Clark, McDonald, Potter, and Sharpe, JJ., concurred.