### GOBLES CO-OPERATIVE ASS'N v. ALBRIGHT.

BILLS AND NOTES—CONSIDERATION—ACCOMMODATION NOTE—DIRECTED VERDICT.

In action upon promissory note, where defense that note was given without consideration ''for a special purpose,'' and, if not used for that purpose within one year, was to be returned, and that it was not so used, was supported by competent testimony and fairly submitted to jury, resulting in verdict for defendant, judgment should have been entered on verdict.

WIEST, CLARK, and SHARPE, JJ., dissenting.

Case-made from Van Buren; Warner (Glenn E.), J. Submitted January 15, 1929. (Docket No. 117, Calendar No. 33,872.) Decided October 7, 1929.

Assumpsit by Gobles Co-operative Association, a corporation, against Arthur G. Albright on a promissory note. From a judgment *non obstante veredicto* for plaintiff, defendant brings case-made. Reversed.

*David Anderson*, for plaintiff.

*Clare E. Hoffman* and *Leo W. Hoffman*, for defendant.

NORTH, C. J. This is a suit upon a promissory note for $50. Upon appeal to the circuit court the jury found in favor of the defendant; but judgment *non obstante veredicto* was entered for the plaintiff. The controversy is now before us on case-made. This note, in the usual form of promissory notes, was given by the defendant to the plaintiff. It is claimed by the plaintiff that, incident to its reorganization, this note was given to it in payment of defendant's subscription for five shares of stock. This is denied by the defendant, and he testified that he never agreed to subscribe for stock in the plaintiff company, and that no stock was ever delivered to him; and, further, that his note was to be used as

"A collateral note just to secure this money. * * * They told me the note would be returned within a year's time. It was to be used to secure a loan to purchase buildings. They never purchased the buildings."

The issue thus presented is more clearly stated in the following portion of the charge by which it was submitted to the jury:

"The plaintiff says the note was given in payment of a stock subscription. The defendant claims the note was given for special purposes, that is, an accommodation, to be used as collateral to enable the plaintiff to borrow money, and that it was to be returned to the defendant if not used for that purpose. * * *

"If the defendant has proved by a preponderance of the evidence that this note was given upon the

express understanding that it was to be used only as collateral and was to be returned to him if not used for that purpose, then your verdict should be for the defendant, no cause of action.''

The record does not disclose what reason prompted the trial judge to enter judgment *non obstante*. The judgment having been so entered presents the sole ground of error relied upon in appellant's brief. This issue was fairly raised by the notice under defendant's plea that this note was given without consideration "for a special purpose," and if not used for that purpose the note was to be returned to the defendant at the expiration of one year, and that the note was not used for the alleged purpose. Competent testimony was given in support of this defense. The issue was fairly submitted to the jury, resulting in a verdict of no cause for action. The defense was a valid one. *Lanphere* v. *Ackles*, 220 Mich. 300; *Runciman* v. *Brown*, 223 Mich. 298; *Taylor* v. *Rugenstein*, 245 Mich. 152. We find nothing in the record which justifies the entry for the plaintiff of the judgment *non obstante veredicto*.

The appellee complains in its brief that since the defendant's alleged stock subscription was in writing, it was error to receive his oral testimony denying such subscription. The suit was brought on the promissory note and not on the stock subscription. In any event, since the appellee did not embody in the bill of exceptions an assignment of error presenting the question, it is not before this court for determination. The practice is fixed by the following portion of section 6, Circuit Court Rule No. 66:

"No error against the party in whose favor such judgment shall have been entered shall be considered, unless such party (the appellee) shall prepare and present assignments of the errors upon

which he relies for a new trial in the event of a reversal of such judgment. Such assignments of error shall be presented and attached to the bill of exceptions at the time of the settlement thereof, in like manner and with like effect as assignments of error by the appellant."

I had supposed the practice was definitely settled that on writ of error or case-made this court would not review a question not covered or presented by an assignment of error. The decisions of this court to that effect are so numerous that it is unnecessary to cite them. In the instant case the question considered by Mr. Justice SHARPE is not before this court by any assignment of error. In fact, as above stated, the plaintiff did not make any assignments of error or take any steps to review the proceeding had in the lower court.

But aside from this matter of practice, it should be noted the record here discloses that the defendant is not attempting to vary by parol testimony the terms of the written instrument which plaintiff claims was a stock subscription. Instead, he simply takes the position that if plaintiff claims the subscription for stock was part of the same transaction as the execution and delivery of the promissory note, then the defendant asserts that the stock subscription and note were both obtained by fraudulent misrepresentations that the note was only for accommodation purposes and would be returned within a year. I think Justice SHARPE is in error in stating that this record "is devoid of proof" of fraud. Concisely and incompletely stated, the following relative to defendant's claim of fraud appears in the record: That defendant had never before met plaintiff's agent who secured defendant's signature to the note sued upon, nor had defendant ever had anything to

do with the plaintiff corporation before that time. ·Notwithstanding this, plaintiff's agent induced defendant to sign this note in blank and also the agreement which defendant testified he could not remember ever having seen before. This agreement now appears to state that at the time of its execution defendant was the holder of "investment notes" in plaintiff company, and that he was the maker of "a collateral note of the face value of $100;" neither of which is true. It also recites that defendant desired to take stock in the corporation, but defendant swore positively and repeatedly this statement was also untrue. It further recites · that defendant "agrees to surrender the investment notes held by him above referred to" when in fact defendant never had any such notes to surrender. This is the somewhat lengthy and involved printed form which in its last paragraph contains the alleged stock subscription, and it is in reference to this very alleged agreement that defendant's counsel stated to the trial · court: "We want to show that it was obtained by fraud and misrepresentation;" and the court said "Very well. On that theory you may proceed." Notice to this effect had been given under defendant's plea of general issue. Competent testimony was taken and stands uncontradicted in this record that when defendant gave this note, plaintiff's agent stated that plaintiff wanted defendant's note "to be used as a collateral note," that the proceeds thereof would be used to purchase certain buildings, that defendant's note would be returned to him within a year's time and he would not have "to put up any money;" and· that *nothing was said to defendant about buying stock*. The undisputed proof also shows that the buildings in question were not purchased by the plaintiff, and that defendant never

received any stock in the plaintiff corporation. A more palpable fraud would be hard to conceive. Surely in this suit between the original parties to the note parol evidence was admissible to establish a fraud so perpetrated; otherwise in practically all cases the victim of a fraud, who by misrepresentation was induced to sign his name to the instrument through which the fraud was perpetrated, would be without redress in the courts. Fortunately such is not the law. The defendant's oral testimony was relevant to his defense and competent.

The judgment *non obstante* should be set aside, and the case remanded for entering judgment in accordance with the verdict of the jury in favor of the defendant, and for the taxation of his costs.

FEAD, J., concurred with NORTH, C. J.  McDONALD and POTTER, JJ., concurred in the result.

FELLOWS, J. (*concurring*). I think defendant was entitled to a directed verdict, and the verdict having been for him, the case should be reversed, with direction to enter judgment for defendant on the verdict. The agreement to purchase stock quoted by my Brother SHARPE required payment "on the call of the board of directors of the corporation." No such call was made. The case is, therefore, ruled by *Ivory* v. *Lamoreaux*, 241 Mich. 226. In that case the note was given for a stock subscription which left its acceptance to the company. No acceptance of the subscription was made. Mr. Justice McDONALD, who wrote for the majority of the court, said:

"A reference to the terms of the stock subscription contract will show that certainty of payment depended upon the approval of the contract by the Equator Oil Range Company, and no approval ap-

pears on the face of the instrument. There was no binding agreement to pay until the approval was made by the company. The subscription was merely an offer to subscribe, which offer was never accepted by the company by word or act. The subscriber never became bound to pay for the stock. The company never became bound to issue stock to him. If the defendant were here suing to enforce his subscription, the company could truthfully say that it never accepted him as a stockholder. If the note had remained in the hands of the company, the defendant could not have been compelled to pay. It is subject to the same defense in the hands of the plaintiffs."

It is suggested that the question was not raised in the court below. After defendant's counsel moved for a directed verdict on one ground, the following occurred:

"*The Court:* That would be the only issue?

"*Mr. Hoffman:* Well, also under their subscription that he never had any value for the note—no consideration—the company never gave anything for these notes; it is a charity as far as the company is concerned."

I think this raised the question, and, as above stated, I vote for reversal.

SHARPE, J. (*dissenting*). At the same time that defendant signed the note sued upon, he executed a written agreement to purchase stock in the plaintiff company, reading, in part, as follows:

"The member agrees to, and hereby does, subscribe for five shares of the capital stock of the corporation, and agrees to pay therefor the sum of fifty dollars on the call of the board of directors of the corporation, and the new corporation will issue to

the member a certificate of shares of stock of the par value of fifty dollars.''

The certificate of stock was not delivered to him because he did not pay for it. The undertaking of the company to deliver this stock was the consideration which passed to him for the execution and delivery of his note. In an action on the note, the consideration therefor might, of course, be inquired into. This agreement was offered in evidence by plaintiff as a part of its case. In my opinion, parol evidence was not admissible to vary its terms.

''Where the written contract speaks, its language as to the obligation of defendant is final, and the court was not in error in refusing to let defendant show otherwise.'' *Waller* v. *Sloan,* 225 Mich. 600, 603.

See, also, *Price* v. *Marthen,* 122 Mich. 655; *Davis* v. *Steingass,* 215 Mich. 57; *Frischkorn Real Estate Co.* v. *Hoskins,* 226 Mich. 30; *Farmers' Co-operative Elevator* v. *Sturgis & Sons,* 226 Mich. 437.

While defendant's counsel, in answer to an inquiry of the court as to the effect of the contract, said: ''We want to show that it was obtained by fraud and misrepresentation,'' the record is devoid of proof supporting such claim. It is apparent that the trial court was of this opinion, but, as stated by him, there were a number of similar cases on the calendar and he concluded that it was better to submit this one to the jury under the Empson Act (3 Comp. Laws 1915, § 14568), and make a record which would, on review in this court, decide them all.

The judgment *non obstante veredicto* was properly entered, and should be affirmed.

WIEST and CLARK, JJ., concurred with SHARPE, J.