SCHMID *v.* VILLAGE OF FRANKFORT.

| | |
|---|---|
| 134 | 619 |
| 135 | 4119 |
| 134 | 619 |
| 140 | 4300 |
| 134 | 619 |
| s141 | 292 |
| 134 | 619 |
| p151 | 85 |
| 134 | 619 |
| 155 | 315 |
| e155 | 4316 |
| 155 | 317 |

1. MUNICIPAL CORPORATIONS—BONDS—BONA FIDE PURCHASERS.

Where plaintiffs, before purchasing village bonds, examined the proceedings of the council submitting to the people the question of raising money for park purposes, and a letter from the prosecuting attorney declaring that the proceedings were valid on their face, and took a guaranty of payment from the person negotiating the bonds, a charge that plaintiffs were not *bona fide* holders if they did not rely solely upon the recitals in the bonds, was error.

2. SAME—ESCROW—EVIDENCE.

Testimony in relation to the understanding of aldermen in regard to the effect of directions on an envelope containing bonds deposited in escrow is inadmissible.

3. SAME.

In an action by the holder of municipal bonds purporting to have been issued for public purposes, but in fact to aid a private enterprise, evidence that the person in whose aid they were issued had not put his factory in operation is inadmissible.

4. APPEAL—JUDGMENTS—GENERAL AND SPECIAL VERDICTS.

A judgment will not be entered in the Supreme Court for the plaintiff on reversal of a judgment for the defendant, where there is no special verdict or finding of facts to warrant it.

Error to Benzie; Chittenden, J.   Submitted October 8, 1903.   (Docket No. 17.)   Decided November 3, 1903.

*Assumpsit* by Frederick Schmid, surviving partner of the firm of Mack & Schmid, against the village of Frankfort, upon municipal bonds.   From a judgment for defendant, plaintiff brings error.   Reversed.

*B. M. Thompson*, for appellant.

*D. G. F. Warner* and *Thomas Smurthwaite*, for appellee.

HOOKER, C. J. A review of a former trial of this cause will be found in 131 Mich. 197 (91 N. W. 131), where the facts are stated. It has been tried a second time, and a verdict for the defendant was followed by judgment, and the plaintiff has again brought error. The points now raised relate to the question of plaintiff's *bona fides* in the purchase of the bonds.

The proof upon the later trial was much the same as upon the former; the only substantial difference being that it was shown upon the later trial that the plaintiff and his copartner had before them upon the day that the bonds were purchased the proceedings of the common council providing for the submission to the people of the city of the question of the raising of money for park purposes, and the payment some 17 days later of the last $500 of the purchase price, at which time they received a written guaranty of payment of said bonds from Chandler, the person who negotiated them. It is claimed by the defendant that these facts, together with others proved, which were the same as upon the former record, entitled defendant to have the question of plaintiff's *bona fides* submitted to the jury. The court was of that opinion, and instructed the jury that the plaintiff and his copartner did not rely solely upon the recitals of the bonds, for the reason that they relied in part upon the statements of Chandler and the letter of the prosecuting attorney, and that, if they should find that the plaintiffs did not rely solely upon the recitals of the bonds, the verdict should be for the defendant. The plaintiff's counsel contends that this was error, and that, under the testimony, the court should have directed a verdict for the plaintiff.

We think that the court erred in instructing the jury that the plaintiffs were not *bona fide* purchasers if they did not rely solely upon the recitals in the bonds. It was equivalent to saying that any reliance on additional evidence of the validity of a bond would deprive the purchaser of the benefit of the recital. Such a rule would put a premium upon omission to inquire further. In this case

the plaintiff and his copartner examined the confirmatory evidence, viz., the letter and the proceedings of the council, and were thereby encouraged to part with $2,200 of their money for the bonds. Subsequently they took a guaranty of payment from Chandler, at which time they paid the remaining $500 of the purchase price. There is no evidence in the case which justifies the conclusion that the plaintiffs did not act upon the honest belief that the bonds were what they appeared to be, viz., park bonds. We have no means of knowing how they were led to take a guaranty. It may have been offered, or it may have been required; but the fact cannot be said to imply a notice or cause for distrust. See the case of *Davis* v. *Seeley*, 71 Mich. 220 (38 N. W. 901), and cases there cited.

The testimony in relation to the understanding of the aldermen in regard to the effect of the directions on the envelope in which the deposited bonds were contained was inadmissible. The effect of the deposit was settled in the former opinion.

It was immaterial whether or not Seeley had put his factory in operation before the bonds were delivered to him by Chandler.

Counsel for the plaintiff asks that we enter judgment here for his client. We are unaware of a precedent for such practice upon reversal of a case not based upon findings or a verdict. See the recent case of *Central Sav. Bank* v. *O'Connor*, 132 Mich. 578 (94 N. W. 11).

The judgment is reversed, and a new trial ordered.

The other Justices concurred.