SCHMID v. BENZIE CIRCUIT JUDGE.

MANDAMUS—JUDGE—DISCRETION—TRIAL.

Mandamus will not be granted to compel a circuit judge to proceed with the trial of a chancery case while an action at law between the same parties, involving the same subject-matter, is pending on writ of error in the Supreme Court; his refusal to proceed under such circumstances not being an abuse of discretion.

Mandamus by Frederick Schmid to compel Clyde C. Chittenden, circuit judge of Benzie county, to proceed with the trial of a case in chancery. Submitted November 15, 1904. (Calendar No. 20,746.) Writ denied December 14, 1904.

*B. M. Thompson*, for relator.

*D. G. F. Warner* and *Thomas Smurthwaite*, for respondent.

PER CURIAM. The merits of the controversy involved in the present proceeding are stated in *Mack* v. *Village of Frankfort*, 123 Mich. 421; *Schmid* v. *Village of Frankfort*, 131 Mich. 197.

While the suit at law was pending, brought by the relator against the village of Frankfort, the village filed a bill of complaint, setting forth the invalidity of the park bonds, which are the subject of litigation; that Mack & Schmid, the purchasers thereof, were not bona fide purchasers; and asked that the bonds be declared void and be delivered up and canceled, and for an injunction to restrain the defendant from negotiating the bonds. The relator, the defendant in the suit, answered, asserting that they were good-faith purchasers, and that they paid full value therefor, and asked that the bill be dismissed. The answer also set up the validity of the bonds in the hands of

the relator as bona fide purchasers, prayed affirmative relief that the village be decreed to pay the interest then due upon the bonds, and the bonds be declared valid. The complainant's default for not answering the cross-bill was entered.  Subsequently the solicitors for the respective parties stipulated that the default be set aside; that the replication and plea be treated and considered as filed; that the cause be considered at issue, and be for hearing and submitted at the then term of court.  That stipulation was, on motion, set aside by the respondent, and the respondent refused to proceed with the hearing of the chancery case until the termination of the suit at law, in which verdict and judgment have been entered against the relator, and which is now pending on writ of error in the Supreme Court.

The relator asks the writ of mandamus to compel the respondent to proceed with the hearing of the chancery case.  We do not think that the respondent has abused his discretion in refusing to hear the case until the determination of the suit at law, now pending in the Supreme Court.

For this reason, the writ will be denied.