## SCHMID *v.* VILLAGE OF FRANKFORT.

1. MUNICIPAL BONDS — ILLEGAL ISSUE — BONA FIDE HOLDERS — RIGHT TO QUESTION TITLE.

Where, in a suit against a village on illegal municipal bonds, plaintiff claims as a bona fide holder through purchase from an agent of the owner, the village cannot question the validity of plaintiff's purchase unless the owner could.

2. PRINCIPAL AND AGENT—UNAUTHORIZED SALE BY AGENT—RATIFICATION—ESTOPPEL.

Where a principal receives the proceeds of an unauthorized sale of bonds by his agent he is estopped to deny the purchaser's title to the bonds.

3. MUNICIPAL BONDS—RIGHT OF ACTION—BONA FIDES.

In an action on village bonds given in aid of a private enterprise it is incumbent on plaintiff to show a bona fide purchase for value.

4. SAME—QUESTION FOR JURY.

In an action on certain village bonds admitted to be invalid, evidence examined, and *held*, to require submission to the jury of the question whether plaintiff was a bona fide purchaser for value.

5. SAME—EVIDENCE—ADMISSIBILITY.

Where plaintiff claimed to be a bona fide purchaser of certain invalid municipal bonds, evidence of a former owner of them that prior to the sale thereof he informed plaintiff that the bonds were bonus bonds given for building a factory, by a letter properly addressed and mailed, was admissible, plaintiff having denied receiving any such letter.

6. SAME—QUESTION FOR JURY.

Where, in an action on municipal bonds, plaintiff denied receiving a letter from a former owner of the bonds informing him that they were bonus bonds issued for building a factory, whether such denial overcame the presumption arising from the mailing of the letter was for the jury.

Error to Benzie; Chittenden, J. Submitted June 21, 1905. (Docket No. 41.) Decided September 19, 1905.

Assumpsit by Frederick Schmid, surviving partner of the firm of Mack & Schmid, against the village of Frankfort, upon municipal bonds. There was judgment for defendant, and plaintiff brings error. Reversed.

*B. M. Thompson,* for appellant.

*D. G. F. Warner* and *Thomas Smurthwaite,* for appellee.

HOOKER, J. The plaintiff was defeated a third time in his action upon certain bonus bonds given by the defendant in aid of a private enterprise. The cause is here for the third time, both former judgments having been reversed on error. See 131 Mich. 197, 134 Mich. 619. Plaintiff's right to recover depends upon the bona fides of the purchase of the bonds from Chandler, who negotiated them for Seeley.

It is contended that Chandler was not authorized to sell these bonds for Seeley, and Seeley is said to have so testified upon the last trial; but it clearly appears from his own testimony that he received $2,400 of the proceeds of the sale to the plaintiff and his copartner and the defendant cannot question the validity of this purchase, unless Seeley could. He is clearly estopped from denying plain-

tiff's title.   It was therefore error to instruct the jury that:

"There is one other matter to which I desire to call your attention.   The testimony of Mr. Seeley is to the effect that the bonds were never delivered to him, that he never had them in his possession, and never authorized Chandler or any one else to sell these bonds, and at the time the bonds were purchased by the plaintiff in this suit he (Seeley) was not entitled to the possession of the bonds; the same not having yet been earned by him.   I charge you that if you find that these bonds were never delivered to Howard Seeley by the Chandlers, and that Seeley never authorized the Chandlers nor any one else to sell them, and that they were sold without his (Seeley's) knowledge or consent, then there was no delivery of these bonds, and the plaintiff cannot recover."

—And to refuse plaintiff's ninth request, viz.:

"If the jury find that the bonds in question were sold to the plaintiff without authority from Howard Seeley, and that afterwards such sale was ratified by Mr. Seeley, such ratification would make the sale valid."

The invalidity of these bonds is conceded.   It was therefore incumbent upon plaintiff to show a bona fide purchase for value.

The plaintiff contends that the bonds were purchased on June 5th, and several witnesses testified to the transaction.   It is undisputed that plaintiff and his copartner paid $400 of the purchase price upon that day, and two days later gave their checks for other sums, and that the remainder, $500, was paid on June 22d, making $2,700 in all.   The defendant disputes this version, claiming that the purchase was not made on June 5th, but on June 22d. This contention is based upon the following testimony, viz.:   The last payment of $500 was made by check delivered at Ann Arbor to Chandler on June 22d, at which time he executed a writing guaranteeing the payment of these bonds.   A certificate bearing date June 18th was appended to certain copies of the proceedings; the same being delivered to the plaintiffs after June 5th, and probably after June 18th, if not on June 22d.

Seeley testified that about the middle or latter part of

June, probably from 12th to 20th, he received a letter from Mack & Schmid, asking if he had, or expected to have, any Frankfort bonds to sell; that he at once answered that he would have some, that they were bonus bonds, for building a factory; and that he properly addressed and mailed the same. Upon his statement that the former letter was lost, and plaintiff's denial that they ever had such correspondence, he was permitted to give oral testimony of the substance of such letters. Plaintiff offered proof that the guaranty was agreed upon on the 5th but not executed until the 22d, and that the perfection of the papers was also promised them. It is contended that this testimony tends to contradict or discredit plaintiff's proof that the bonds were bought on the 5th, and makes that and the bona fides of the transaction questions for the jury, while plaintiff insists that, if this evidence were all true, it is not inconsistent with the purchase in good faith on June 5th, as stated, and that the question should not have been left to the jury. The question of bona fides is to be determined in the light of all the circumstances, and is one peculiarly of fact. Were we to decide it ourselves, we should be obliged to inquire whether the taking of the guaranty and the correspondence testified to shook our confidence in plaintiff's claim. They might not do so, but we should have to admit that we were determining a question of fact. Hence we may say that it was proper to leave it to the jury.

We are also of the opinion that the testimony of Seeley in relation to the correspondence was competent, and that it was for the jury to say whether the denial of the receipt of Seeley's letter overcame the presumption arising from the mailing, provided the jury should find that the mailing was proven by a preponderance of proof.

There are other assignments of error but we think it unnecessary to discuss them.

The judgment is reversed, and a new trial ordered.

McALVAY, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.