SCHMID v. BENZIE CIRCUIT JUDGE.

COURTS — JURISDICTION — CONCURRENT JURISDICTION — LAW AND EQUITY — DISCRETION.

It is within the discretion of the trial judge to refuse to proceed with the hearing of a chancery case while a suit at law involving the same controversy is pending in this court; but upon reversal of the judgment at law and the granting of a new trial the cases stand upon an equal footing and the defendant in the chancery suit has a right to bring it to a hearing.

Mandamus by Frederick Schmid to compel Clyde C. Chittenden, circuit judge of Benzie county, to grant leave to file a supplemental answer to a bill of complaint, and to modify an order setting aside a stipulation. Submitted May 26, 1906. (Calendar No. 21,610.) Writ granted July 3, 1906.

*B. M. Thompson*, for relator.

*D. G. F. Warner*, for respondent.

PER CURIAM. This is an application for mandamus to require respondent to grant relator's petition for leave to file a supplemental answer in the chancery case of *Village of Frankfort* v. *Schmid*, setting forth the status of the case pending at law in said court of *Schmid* v. *Village of Frankfort*, 131 Mich. 197, and also to modify respondent's order setting aside the stipulation of the parties vacating complainant's default in said chancery cause and providing that the testimony theretofore taken in the case at law might be used on the hearing of the chancery suit. A similar application was denied by this court in *Schmid* v. *Benzie Circuit Judge*, 138 Mich. 452, where and in the cases therein referred to the facts are sufficiently set forth.

Respondent contends that the orders were within his discretion, which cannot, or at least ought not, to be reviewed, and that this court has sustained the ruling of the respondent that the matters involved in the chancery suit should be held in abeyance till the determination of the suit at law. It appears from the record that the court's opinion that the hearing of the chancery case should await the final determination of the law case was the real basis of his rulings. The construction placed upon our decision in 138 Mich. 452, is incorrect. We held in that case that it was within the discretion of the trial judge to refuse to proceed with the hearing of the chancery case when the suit at law involving the same controversy was pending in this court and its determination might settle the entire controversy. Upon the reversal of the judgment and granting of a new trial in the lawsuit [141 Mich. 291], the cases stood upon an equal footing and the defendant in the chancery suit had a right to bring it to a hearing.

Under the circumstances, we think both petitions should have been granted, and the writ will issue as prayed.