VILLAGE OF FRANKFORT *v.* SCHMID.

EQUITY — PRACTICE — CROSS-BILL — RIGHT TO MAINTAIN — RELIEF GRANTABLE.

> On a bill by a village against a holder of its bonds alleging the invalidity of the bonds and defendant's want of bona fides, and praying an injunction to restrain their sale pendente lite, and that the bonds may be delivered up and canceled, a cross-bill is maintainable to obtain a decree that the bonds are legal and valid in defendant's hands and ordering complainant to pay them; the general rule that equity may do complete justice between the parties in the particular controversy before the court being applicable.

Appeal from Benzie; Chittenden, J. Submitted January 7, 1908. (Docket No. 6.) Decided January 31, 1908.

Bill by the village of Frankfort against Frederick Schmid, surviving partner of Mack & Schmid, to enjoin the negotiation of certain bonds, and for the surrender and cancellation of the same. Defendant filed an answer in the nature of a cross-bill to determine the legality of said bonds. From an order overruling a demurrer to the cross-bill, complainant appeals. Affirmed.

*D. G. F. Warner* and *Thomas Smurthwaite,* for complainant.

*B. M. Thompson,* for defendant.

HOOKER, J. This controversy in various forms has been frequently before us, and its history can be learned by consulting the following citations: *Mack* v. *Village of Frankfort,* 123 Mich. 421; *Schmid* v. *Village of Frankfort,* 131 Mich. 197, 134 Mich. 619; *Schmid* v. *Benzie Circuit Judge,* 138 Mich. 452; *Schmid* v. *Village of Frankfort,* 141 Mich. 291; *Schmid* v. *Benzie*

*Circuit Judge*, 144 Mich. 680. The crucial question in the controversy is whether Mack and Schmid were bona fide purchasers of certain village bonds without notice. At one stage of this litigation, after one or more trials of the action now pending upon the coupons, the defendant in that action filed the original bill in this cause. It alleged the issue and invalidity of the bonds and coupons, the pendency of a suit upon them, plaintiff's claim that Mack and Schmid were bona fide purchasers and complainant's denial of the same, its fears that the bonds might be negotiated in a way to create a liability upon complainant and prayed an injunction restraining such transfer and that the bonds should be delivered up and canceled. A temporary injunction issued and is now in force. The defendant Schmid answered, claiming affirmative relief under the statute to the end that the bonds and coupons be decreed to be legal and valid in defendant's hands, and complainant decreed to pay the same. A demurrer was filed to the cross-bill, the grounds being, *first,* that defendant has an adequate remedy at law; *second,* the pendency of the action at law; *third,* that the relief prayed is not germane to and has no connection with the bill of complaint filed in the cause. The demurrer was overruled and complainant has appealed.

As we have said, the original bill in this case was filed for the cancellation of these bonds and coupons which it alleged to be fraudulent and void, asking an injunction to restrain sale pendente lite. The relief asked necessarily required an adjudication of the question of validity of the bonds in the hands of the defendant. It went so far as to allege plaintiff's want of bona fides, which was denied in the answer.

There was an issue which would justify a dismissal of the bill, but as that would leave the controversy without a complete adjudication defendant filed a cross-bill for the purpose of obtaining a complete adjudication. It raised no new issue. It introduced no new facts. An adjudication that defendant was a bona fide holder would de-

termine the validity of the bonds between the parties. This determination of the question would make it res adjudicata, and would conclude the complainant in any new action at law involving it, or for that matter in the action already pending if properly pleaded. Why require defendant to bring another suit under such circumstances, upon the alleged rule that the relief upon a cross-bill must always be confined to cases when an original bill might have been filed to enforce such remedy? Such language was used in *Hackley* v. *Mack*, 60 Mich. 604, but it was unnecessary to a decision of that case.

The general rule that equity may do complete justice between the parties in the particular controversy before the court, and may even entertain an original bill upon the ground of saving a multiplicity of suits, ought to be applicable to a cross-bill like this. There is some diversity of opinion upon the subject, but this doctrine is well supported.

In *La Grange, etc., R. Co.* v. *Rainey*, 7 Coldw. (Tenn.) 420, it was held that, where a bill put in question the validity of a deed, the court might decree title in the defendant without a cross-bill. See, also, *Allen* v. *Allen*, 11 Heisk. (Tenn.) 387; *Little* v. *Mann*, 62 Me. 328; *Dayton* v. *Melick*, 12 C. E. Green (N. J. Eq.), 362; *Pitts* v. *Powledge*, 56 Ala. 147. It is unnecessary for us to go so far as to accept the rule stated in the *La Grange Case*, or to say that relief might be had in some of these cases even upon cross-bill.

An extended discussion of the subject will be found in *Armstrong* v. *Mayer*, 69 Neb. 187. In *Stuart* v. *Hayden*, 72 Fed. 410, a complete determination of the controversy is mentioned as a proper object of a cross-bill. See *Greenwalt* v. *Duncan*, 16 Fed. 35; *Remer* v. *McKay*, 38 Fed. 164. In *Hall* v. *Edington's Ex'rs*, 8 B. Mon. (Ky.) 47, a rather broader rule than the one relied on here appears to have been followed. That case followed *Logan* v. *McMillan*, 5 Dana (Ky.), 484. Our own case of *McKenzie* v. *A. P. Cook Co.*, 113 Mich. 452, seems

in point. There the defendant asserted a legal title to land in an answer in the nature of a cross-bill to a bill filed to quiet title. Complainant questioned his right to do this, but we said:

"A question is raised as to whether the defendant company can assert its legal title by cross-bill. We think it is open to the defendant to do so. The scope of complainants' bill was such as to call for a determination of the question of title between these parties. This being so, the defendant had a right to interpose by way of cross-bill, and ask the relief to which it was entitled in case the court should find against the complainants' title."

See, also, *Koch* v. *Sumner*, 145 Mich. 358.

We are of the opinion that this rule is applicable here. The decree overruling the demurrer is affirmed, with costs. Complainant will be allowed 20 days from the date of decree in this court, within which to answer the cross-bill.

BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.