SANFORD-DAY IRON WORKS *v.* INTERPRISE FOUNDRY & MACHINE CO.

(*Knoxville.* September Term, 1917.)

1. **ACTION.** Postponement.

On writ of error to review a decree of the chancery court, which sustained a demurrer to the complaint, on the ground that the court had no jurisdiction, a motion to require complainant to elect whether it will further prosecute the equity suit or another action pending in the law court for the same cause of action, will be denied; the proper practice being to apply for an order in the second suit to stay proceedings until the writ of error is disposed of. (*Post, p.* 439.)

Cases cited and approved: Scott v. Herald, 8 Black f. (Ind.), 129; Den v. Fen, 17 N. J. Law, 354; Christie v. Richardson, 3 T. R., 78; Schmid v. Benzie, 138 Mich., 452.

2. **EQUITY.** Jurisdiction, Unliquidated damages, "Property."

Under Thompson's Shannon's Code, section 6109, as amended, granting jurisdiction to courts of chancery over all civil actions triable in the circuit court, except injuries to persons, property, or character, involving unliquidated damages, the chancery court had no jurisdiction in a suit charging loss of profits on sales, it being in substance a suit for damages to complainant's business, which must be deemed damages to "property," which includes not merely the right to private use and enjoyment of tangibles, but the intangible right of disposition and sale, and the word in its broader and truer sense, including one's business, as a thing entitled to protection from unlawful interferences. (*Post, pp.* 439-441.)

Cases cited and approved: Iron Works v. Machine Co., 130 Tenn., 669; Hanson Mercantile Co. v. Wyman, Partridge & Co., 105 Minn., 491; Sailors' Union of the Pacific v. Hammond Lumber

Co., 156 Fed., 450; Purvis v. U. B. of Carpenters, 214 Pa., 348. Code cited and construed: Sec. 6109 ( T.—S.)

FROM SULLIVAN.

Error to the Chancery Court of Sullivan County.— HAL H. HAYNES, Chancellor.

HARR & BURROW, for appellant.

ST. JOHN & GORE and H. H. SHELTON, for appellees.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This suit is in this court on a writ of error sued out to review a decree of the chancery court which sustained a demurrer to the bill of complaint, which demurrer challenged the jurisdiction of the court over the subject-matter.

A motion was entered in this court by the Foundry Company, the party successful in the lower court, to require the complainant to elect whether it will further prosecute this suit or its action now pending at law in the law court at Bristol for the same cause of action.

Defendant in its motion avers that the parties in the two suits are the same, and that both are for the same cause of action. In support, the movant exhibits a certified copy of the record in the law cause,

which was brought after the bill of complaint was so dismissed, but prior to the suing out of the writ of error.

Without intimating that this court may or may not in any case exercise jurisdiction to grant relief of the character sought by the movant, as being within its appellate jurisdiction, we think the motion is not the proper remedy, and it must be denied.

If a writ of error be sued out in an earlier case subsequent to a second suit between the same parties for the same cause, the proper practice is to apply for an order in the second suit to stay proceedings therein until the writ of error is disposed of. *Scott* v. *Herald,* 8 Blackf. (Ind.), 129; *Den* v. *Fen,* 17 N. J. Law, 354; *Christie* v. *Richardson,* 3 T. R., 78, 100 Eng. Reprint, 465; 1 C. J., 99. And this, regardless of the fact that one is an action at law and the other a suit in chancery. *Schmid* v. *Benzie,* 138 Mich., 452, 101 N. W., 620; 1 C. J, 1164, 1167.

Coming then to test the correctness of the decree of the chancellor sustaining the demurrer: He held that the suit was one for unliquidated damages to property, over which a court of chancery has not jurisdiction under the statutes which define its jurisdiction.

The suit was for the recovery of damages such as this court in *Iron Work* v. *Machine Co.,* 130 Tenn., 669, 693, 172 S. W., 537, in disposing of an appeal of a cause between the same parties, preserved to the complainant Iron Works.

The suit charging loss of profits on sales by reason of defendant's wrongful acts, is in substance, one for damages to complainant's business; and we think they must be deemed "damages to property" within the meaning of the statute which grants jurisdiction to courts of chancery over "all civil actions triable in the circuit court, except injuries to person, property or character involving unliquidated damages." Thompson's Shannon's Code, section 6109.

The contention to the contrary put forward by the complainant is that its business is not property, but is to be considered more in the nature of one's good will in business. If this argument be granted to be sound, then good will, equally with credit, is property in the sense of being a thing subject to be damaged. *Hansen Mercantile Co.* v. *Wyman, Partridge & Co.,* 105 Minn.. 491, 117 N. W., 926. 21 L. R. A. (N. S.), 727. It is a thing that may be bought and sold in connection with a business in which it inheres, and sometimes it is so valuable as to be the larger part of the marketable value of a business.

"Property" includes not merely the right of private use and enjoyment of tangibles, but the intangible right of disposition and sale. and the word in its broader and truer sense includes one's business, as a thing entitled to protection from unlawful interference. *Sailor's Union of the Pacific* v. *Hammond Lumber Co.,* 156 Fed., 450, 85 C. C. A., 16; *Purvis* v. *U. B. of Carpenters,* 214 Pa., 348, 63 Atl., 585, 12 L. R. A. (N. S.), 642, 112 Am. St. Rep., 757, 6 Ann.

Cas., 275; Words and Phrases, Second Series, 1279.

The amendment to the statute governing jurisdiction by acts 1915, chapter 97, took effect before the bill of complaint was filed, but it made no change in respect to the character of "property." It merely more closely defined the source of damages for jurisdictional purposes, in the phase, "except for unliquidated damages for injuries to property not resulting from a breach of oral or written contract"—the change wrought in the statute being to give jurisdiction in all cases where damages arise from a breach of contract, oral or written.

The chancellor properly ruled on the demurrer.

Affirmed.