CORNELIUS PIERPONT *vs.* CHARLES E. LONGDEN AND ANOTHER.

The defendants gave their note for four hundred dollars payable in three years with annual interest, to a widow for her right of dower in certain lands. Held, in a suit on the note, that they could not show by parol evidence that it was agreed, before the execution of the note, that they were to pay her the interest of four hundred dollars during her life, for the use of the dower land, and that on her death the note was to be surrendered.

ASSUMPSIT on a promissory note; brought by the plaintiff as assignee of the payee, to the Court of Common Pleas of New Haven County, and tried to the court before *Cowell, J.* Judgment for the defendants and motion for a new trial by the plaintiff. The case is sufficiently stated in the opinion.

*E. P. Arvine* and *H. D. Russell*, in support of the motion.

*H. Stoddard*, contra.

PARDEE, J. This is an action upon a promissory note, whereby the defendants for value received promised to pay Loly Platt or bearer four hundred dollars three years after date with interest annually, the same having been duly assigned to the plaintiff. Upon the trial in the Court of Common Pleas for New Haven County at the May term, 1878, John W. Taylor testified that before the execution of the note there was a parol agreement between the defendants and Mrs. Platt that they were to pay for the use of her dower right in certain lands the interest upon four hundred dollars at six per cent., or pay four hundred dollars for a conveyance of the right, and that they were to pay the interest of four hundred dollars during her life, and the note was to be void at her death. Charles E. Longden testified that before the execution of the note Mrs. Platt said she ought to have something for the use of her dower, provided the defendants could not pay four hundred dollars for it, and that twenty-four dollars per year was named for the use of it, and that it should be reconveyed to her if they could not pay the rent. W. H. Collins testified that Mrs. Platt, speaking of the land wherein

was her right, said that he was cutting wood upon her premises, and that she might wish to go back there to live, as things had changed. All of this testimony was received against the objection of the plaintiff; and the defendants having recovered a judgment, he moves for a new trial.

A firmly established rule of law forbids the reception of evidence as to an oral agreement alleged to have been made at the time of executing a note, offered for the purpose of varying, qualifying, or contradicting the absolute terms of the written contract. The effect of the testimony received is to substitute for the defendants' unqualified promise in writing to pay four hundred dollars upon a day named, with interest, their promise to pay twenty-four dollars per annum, either for the term of Mrs. Platt's life or for such time as her life and their ability to make such annual payment should co-exist.

In *Dale* v. *Gear*, 38 Conn., 15, an action against the endorser of a note, the defendant pleaded in bar that he omitted to prefix the words "without recourse" to his endorsement, because of the parol promise then made by the plaintiffs that they would never have recourse to him. The court sustained a demurrer to this plea, restricting the reception of parol evidence in bar of actions upon notes to certain exceptional cases, namely—the relation of principal and agent may be shown, that the latter holds as such and takes no title from the indorser; it may be shown that the note was indorsed to the holder for some special purpose and is holden *in trust;* the relation of principal and surety may be shown; and it may be shown that there was an *equity* arising from an *antecedent transaction,* including an agreement that the note should be taken in sole reliance upon the responsibility of the maker, and that it was endorsed in order to transfer the title in pursuance of such agreement, and that the attempt to enforce it is a *fraud.* *Downer* v. *Chesebrough,* 36 Conn., 39, is cited as being within the last class. There the defendants being indebted to the plaintiff, his agent agreed with them that if they would sell certain property and obtain a note therefor he would take the note in part payment of their debt; and upon delivery of the note to him he agreed that if

Pierpont *v.* Longden.

they would endorse the note so that he could collect it they should never hear from it. And another instance of similar character may be found in *Schindler* v. *Muhlheiser*, 45 Conn., 153, an action against the maker of a note. He was allowed to prove by parol that the plaintiff and one Gilch were tenants in common of a certain piece of land, and that the former, for the purpose of enabling himself to make satisfactory arrangements concerning it with his co-tenant, asked the defendant to take a deed of his interest, execute the note in suit therefor, and as owner negotiate with Gilch, subsequently reconveying the land to the plaintiff, who was to surrender the note. The defendant accepted the deed and executed the note; the plaintiff refused to take a reconveyance and retained and brought suit upon the note. The parol evidence was admitted for the purpose of preventing the perpetration of a fraud. The case at bar does not fall within either of these exceptional classes. The defendants admit the purchase of Mrs. Platt's dower right, and that the negotiations therefor terminated in the delivery by them to her of their written promise to pay four hundred dollars for it. The evidence received under objection does not tend to show either that she procured the execution of the note by falsehood, or that in holding and transferring it she violated any agreement as to the use to be made of it; or that it is an outgrowth from an antecedent transaction under circumstances which render it inequitable that she should be paid for her right. There is no fraud in the case; it is simply an effort to reduce by parol the written price of the dower.

There was error in the reception of the evidence objected to, and a new trial is granted.

In this opinion the other judges concurred.