JAMES OSBORNE, ADMINISTRATOR, *vs.* JOSEPH TAYLOR AND ANOTHER.

New Haven & Fairfield Cos., Jan T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, TORRANCE and FENN, Js.

The defendants gave *A* their note by which they promised to pay her seventy-five dollars semi-annually during her life. Held, in an action upon it, that they could not show in defence a parol agreement of *A* at the time the note was given, that if she did not need the money for her support they should not be required to pay it.

And held that, upon the defendants' averment of such an agreement in their answer, it would not be taken, on demurrer, to be an agreement in writing.

Where a defendant relies upon such a contemporaneous agreement and sets it up in his defence, it must be alleged to be in writing.

Where the court rules out evidence that is inadmissible, it makes no difference that it rules it out upon a wrong principle.

[Argued January 28th—decided March 3d, 1890.]

ACTION upon a note given by the defendant to Jane Taylor, of whose estate the plaintiff was administrator; brought to the Court of Common Pleas of Fairfield County and tried to the court before *Curtis, J.* Facts found and judgment rendered for the plaintiff against one of the defendants, and appeal by that defendant. The case is fully stated in the opinion.

*L. Warner* and *R. E. DeForest*, for the appellant.

*J. B. Hurlbutt* and *A. T. Bates*, for the appellee.

FENN, J. In this action the plaintiff, as administrator upon the intestate estate of Jane Taylor, deceased, seeks to recover on a note made by the defendants, whereby they promised to pay said decedent seventy-five dollars, semi-annually, during each and every year that she might live; alleging in the complaint that six semi-annual payments had been made and that seven were due and unpaid.

The first and third paragraphs of the second defence to the action were denied. The second paragraph of the defence is in these words:—" On said day," (being the day on which the note was made), "the defendant promised the said Jane Taylor to pay her, each year, so long as she should live, the sum of one hundred and fifty dollars, in semi-annual payments of seventy-five dollars each, if the said Jane Taylor should need said sums for her support; and said note was given as evidence of said promise, and because of it, and because of the promise then made by the said Jane Taylor to the defendants that if she did not need said sums for her support the defendants should not be required to pay them." To this paragraph the plaintiff demurred and the court sustained the demurrer. Afterwards, as the court finds, "upon the trial of said cause the defendants offered evidence to prove that, at the time said note was given, it was agreed, by and between the defendants and the said Jane Taylor that no demand should be made for the payment of said note, and that the defendants should in no case be required to pay it, unless the money should be actually needed and required for the support of said Jane during her lifetime; and that said money was not in fact so needed or required. To this evidence the plaintiff objected, and the court excluded the same, on the ground that the question of law had been previously settled by the ruling of the court on the demurrer."

The court having found for the plaintiff, as against the defendant Jane L. Taylor, she appealed, assigning said rulings as reasons therefor.

In *Dean* v. *Mason*, 4 Conn., 432, it is said—" When an agreement is reduced to writing, all previous negotiations are resolved into the writing, as being the best evidence of the

certainty of the agreement;" and in *Pierpont* v. *Langdon*, 46 Conn., 500, it is further said—"A firmly established rule of law forbids the reception of evidence as to an oral agreement, alleged to have been made at the time of executing a note, offered for the purpose of varying, qualifying or contradicting the absolute terms of the written contract." These concise statements of incontestable principles would seem in themselves fully decisive of the questions presented by the record. The defendant however urgently contends that the second paragraph of the second defense, taken in connection with the third paragraph, which alleges that all of the note which was required for the support of the decedent had been paid, constitutes a valid answer to the complaint. The ground of this contention is, that no claim is made in the demurrer that the alleged promises were not in writing, and that such a claim could not, indeed, be raised by demurrer, for that in pleading an averment that a contract was in fact made, if it be a contract which in law must be in writing, is the same, in legal effect, as an averment that it was made in writing; and Swift's Digest, vol. 1, side page 265, is solely cited in support of this proposition. Referring to this passage it will be found that the distinguished author, who is there speaking of pleadings under the statute against frauds, while laying down the rule in reference to declarations substantially as above claimed, directly adds the following:— "But where the defendant relies upon such contract in bar of an action brought against him, and pleads it as such, it must then be alleged to be in writing." On the other hand, we think the defendant's allegations clearly show that the promises on which she relies were not in writing. The statement that the note was given as evidence of the promise imports this; for it would be unnatural to declare a note to be evidence of the promise, if another writing of an inconsistent nature executed prior to or contemporaneously therewith existed, and was intended to constitute the promise itself. What other evidence could there be except such writing, or, in case of its loss, proof of its contents? Even if it should be said that the promise may have been origi-

nally oral but reduced to and evidenced by writing, the answer is that the defendant alleges that the note was given as such evidence.

It is further somewhat faintly urged that the promises alleged do not contradict, but only modify the promise contained in the note, by annexing to it a condition stating when and under what circumstances it shall be payable., But the note itself explicitly states that, and any other and different statement must, in the nature of things, be inconsistent with that statement.

The defendant further claims that the court erred in excluding the evidence offered upon the trial, because, whether admissible or not, the ground of such exclusion, as stated by the court, " that the question of law had been previously settled by the ruling of the court upon the demurrer," is not valid.    Since the evidence offered was not admissible upon any ground or for any purpose, it would seem practically to matter but little whether the court was technically accurate or not in this expression.    It however seems to us to be correct.    By the language used the court clearly meant that the decision upon the demurrer involved the ruling that the evidence offered was not admissible, and further, that the only portion of the answer under which the evidence could be claimed, since such a defence, if valid, would require to be specially pleaded, having been held bad upon demurrer, was for their present purpose out of the case.

The defendant further claims that the evidence tended to show that the note was without any consideration, and was therefore admissible.    The defendant has however not undertaken to explain to us how the evidence would tend to indicate this, and we have been unable to discover.

There is no error in the rulings complained of.

In this opinion the other judges concurred.