## THE BURNS AND SMITH LUMBER COMPANY *vs.* THOMAS A. DOYLE.

Third Judicial District, Bridgeport, April Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

An absolute, unqualified acceptance in writing of a bill of exchange, cannot be transformed into a conditional one by proof of a contemporaneous oral agreement to that effect. The delivery of the accepted bill as a valid, operative instrument may, however, be made upon conditions, and these, if properly pleaded, may be admissible in behalf of the acceptor.

In an action upon a bill of exchange which the defendant had accepted in writing in the usual form, he pleaded, in effect, that the acceptance was upon an oral condition that he should not be called upon to pay except in a certain contingency which had not occurred. *Held* that this was not an averment of a conditional delivery of the accepted bill, but merely an allegation of an oral agreement in violation of the written acceptance, and therefore of no benefit to the defendant. *Held* also, that if the finding was to be regarded as showing a conditional delivery of the acceptance, rather than a conditional acceptance, it was unavailing to support the judgment, because not within the issue.

Argued April 20th—decided June 1st, 1899.

ACTION by the payee against the acceptor of a bill of exchange to recover the amount thereof, brought to the Court

of Common Pleas for Fairfield County and tried to the court, *Curtis, J. ;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. *Error and new trial granted.*

The following is a copy of the bill of exchange counted upon in the complaint: —

"BRIDGEPORT, CONN., June 24, 1893.
"Mr. THOMAS DOYLE:

"Please pay to The Burns & Smith Lumber Co., or order, the sum of four hundred, twenty ($420.00) and no/100 dollars, value received, and charge the same to my account.

"E. P. MILLS.

"Accepted, June 24, 1893.          THOS. A. DOYLE."

The answer as finally amended consisted of two defenses, as follows : —

"*First Defense.* 1. The defendant accepted the bill of exchange at the solicitation of the plaintiff, upon the express condition that only upon the defendant's becoming indebted for services to the drawer of said bill should the defendant be called upon to pay or be made liable upon said bill of exchange. 2. The defendant says he is not liable upon said bill, because the drawer of the same never performed any service for the defendant, nor did the defendant become indebted to said drawer after said acceptance of said bill.

"*Second Defense.* 1. The defendant says that at the time of the said acceptance of said bill he did not owe the drawer of said bill, or the plaintiff, or either of them, upon any demand whatever, and that said acceptance was known to the defendant and to said plaintiff to be wholly without consideration, and that said plaintiff is not a bona fide holder for value of said bill of exchange. 2. The matters contained in the first defense are made part of this defense."

The reply was a general denial. The substance of the finding is as follows : —

On June 24th, 1893, Mills, the drawer of the bill in suit, was engaged in building a cottage for the defendant under a written contract, by the terms of which Mills was to be paid

therefor $920 in three payments, due at stated stages in the progress of the work. The last payment of $420 was due when the building was completed and accepted. On the day aforesaid the cottage had not been completed, but had passed the point where the second payment had become due, and this had been paid. At this time Mills owed the plaintiff about $1,000 for lumber, some of which had been used in the cottage, and on the aforesaid day he gave the plaintiff the bill sued upon. On the same day the plaintiff called upon the defendant and requested him to accept the bill. At that interview the defendant told the plaintiff that the cottage was not completed, that the last payment thereon of $420 would not be due until the house was completed, and that the defendant then owed Mills nothing. " The defendant thereupon agreed to accept said order upon condition that it should not become obligatory upon him to pay the same until Mills completed the house and said sum became due him. The defendant thereupon, in pursuance of said agreement, wrote ' Accepted, June 24, 1893, Thos. A. Doyle,' across the face of said order, and Burns received the same subject to said condition." After giving this writing to the plaintiff, Mills did no more work upon the house, and it was completed by another at an expense to the defendant in excess of $420. " There was no consideration for the acceptance of said order by the defendant, other than such, if any, as appears above."

The defendant never paid the bill so accepted. The plaintiff objected to the introduction of any parol evidence to prove the allegations of the defenses, or either of them, and to all evidence tending to prove the foregoing facts, except the fact of acceptance. The court overruled the objection and admitted the evidence.

The plaintiff also claimed that upon the facts found judgment should be rendered in its favor, and the court overruled this claim. The reasons of appeal are based upon these adverse rulings.

*Louis K. Gould*, for the appellant (plaintiff).

*John J. Phelan*, for the appellee (defendant).

TORRANCE, J. The acceptance sued upon is in writing, and is an absolute and unqualified one, as distinguished from a conditional one. It is well settled that in an action at law such an acceptance cannot be cut down to a conditional one, even by the clearest proof of a contemporaneous oral agreement to that effect. Such an agreement, however conclusively proved, would not avail the defendant for such a purpose, and therefore all evidence of it is excluded. *Osborne* v. *Taylor*, 58 Conn. 439; *Averill* v. *Sawyer*, 62 id. 560; *Caulfield* v. *Hermann*, 64 id. 325; *Hills* v. *Farmington*, 70 id. 450, 453.

But if the written acceptance was delivered to the plaintiff upon an oral condition assented to by the plaintiff, that it was not to become operative, or have any existence at all as an acceptance, until the cottage was completed and the money became due to Mills, that condition, if proved, would avail the defendant, and under proper pleadings evidence of such a conditional delivery would be admissible. *McFarland* v. *Sikes*, 54 Conn. 250; *Trumbull* v. *O'Hara*, 71 id. 172; *Michels* v. *Olmstead*, 157 U. S. 198; *Bedell* v. *Wilder*, 65 Vt. 406; *Pym* v. *Campbell*, 6 El. & Bl. 370; *Pattle* v. *Hornibrook*, L. R. (1897) 1 Ch. Div. 25.

The general rule applied in the former class of cases is, that a prior or contemporaneous oral agreement intended to add to or cut down or vary a written agreement is without legal effect. It is founded on the principle that the writing expresses the final views of the parties to the exclusion of all extrinsic, prior or contemporaneous agreements or understandings. It is a salutary rule and should be strictly adhered to.

The rule applied in the latter class of cases is, that you may show that a writing purporting to be a contract never came into existence as a contract, or has ceased to be a contract, and may show this, of course, by evidence outside of the writing. This latter rule is not an exception to the former nor an infringement of it.

The practical distinction between the two rules was tersely stated by ERLE, J., in *Pym* v. *Campbell, supra,* as follows:

" The distinction in point of law is that evidence to vary the terms of an agreement in writing is not admissible, but evidence to show that there is not an agreement at all is admissible." Where a defense of this kind is set up in a case in which the written contract has been actually delivered to the other party, as in this case, the proof of conditional delivery ought to be clear and strong. In such case possession of the contract by the other party is *prima facie* evidence of an unconditional delivery. *McFarland* v. *Sikes*, 54 Conn. 250, 251.

In the court below the defendant claimed that the acceptance sued upon came within the latter class of cases, and he therefore claimed the right to show, not a conditional acceptance, but a conditional delivery of an acceptance; a delivery under the terms of which the writing signed by the defendant never became a contract at all. The defendant claimed the right to prove such a delivery under the pleadings.

The plaintiff claimed that evidence of such a delivery was not admissible under the pleadings, and the court overruled this claim, and against the plaintiff's objection admitted the evidence; and one of the questions upon this appeal is whether the court erred in so doing.

Leaving out of view for the present the defense of . want of consideration, we think the answer sets up a conditional oral acceptance, and not a conditional delivery of an acceptance. It alleges, in effect, that the absolute written acceptance was made, but was made upon an oral condition that the defendant should not be called upon to pay it, or be made liable upon it, except in a certain stated contingency. This is nothing more or less than an allegation of the existence of a contemporaneous oral agreement that the absolute, written acceptance should be treated as a conditional one. The defense in question contains no hint that the acceptance was delivered conditionally, within the meaning of the cases upon which the defendant relies. It is analogous to the defenses set up in *Osborne* v. *Taylor*, *supra*, and in *Beard* v. *Boylan*. 59 Conn. 181, which were held to be demurrable, because

Burns & Smith Lumber Co. v. Doyle.

they each set up a contemporaneous oral agreement to affect a written contract.    On the same ground we think the defense in question could not have stood the test of a demurrer. Under this defense, then, the defendant was not entitled to prove such a conditional delivery as he claimed, because that fact, if it existed, was not within the issue, and evidence of it should have been excluded.

Furthermore, in this view of the matter, if the facts found are to be regarded as establishing a conditional delivery of the acceptance, the finding goes entirely outside of the issue, and such a finding furnishes no support for a judgment based upon facts so found.    *Atwood* v. *Welton*, 57 Conn. 514; *Ives* v. *Goshen*, 63 id. 79.

The plaintiff further claims that even if the facts found were provable under the pleadings, yet the finding does not show a conditional delivery of the acceptance, as distinguished from a conditional acceptance.    'Upon this point the finding is not free from doubt, but we think the fair import of it is that the acceptance was delivered upon a condition that it was not to take effect at all as an acceptance except upon a stated contingency.    That was the ground upon which the judgment was based, and apparently the sole ground; and taking the record as a whole we think the finding is that the delivery was conditional.

As there must be a new trial for the reasons already given, we deem it unnecessary to consider or decide the questions raised by the defense of want of consideration for the acceptance.

There is error and a new trial is granted.

In this opinion the other judges concurred.