## No. 9625.

### BINKLEY *v.* SWITZER.

Decided July 6, 1920.  Rehearing denied October 4, 1920.

Action by plaintiff in error asking to be adjudged the owner and entitled to the possession of certain real estate. Judgment for defendant.

*Reversed.*

1. PROBATE LAW—*Wills—Right of Election of Widow.* The probating of the will of a husband does not deprive the widow of her right thereafter to elect whether to take under the will or under the statute.

2. JUDGMENTS—*Service of Summons.* The return on a summons shown in evidence was to the effect that the parties held to be in

default, were not found. It was contended that a judgment against them was void for want of jurisdiction of the person. *Held*, that where a part of the record only, was in evidence, the record withheld might contain evidence of service and the general presumption in favor of the judgment must prevail.

3. JUDGMENTS—*Void—Collateral Attack.* Judgments rendered upon matters not presented for litigation by the pleadings are void and subject to collateral attack.

4. HEIRS—*Widow.* The contention that a widow is not an heir of her deceased husband is contrary to the holding of the court in *Anderson v. Groesbeck*, 26 Colo. 3.

5. WILLS—*Bequests.* A will devised to the widow an undivided half of the estate of decedent for life, remainder to a brother and sister and three children and the residue to another. The widow elected to renounce under the will and take under the statute. A judgment declaring void a part of the bequests, held objectionable; the interest of the widow should be derived from the entire estate and the interests of the beneficiaries abated proportionally under section 7239 R. S. 1908.

*Error to the District Court of Chaffee County, Hon. James L. Cooper, Judge.*

Mr. GEORGE A. MILLER, Mr. JOHN T. BOTTOM, Mr. WALLACE SCHOOLFIELD, for plaintiff in error.

Mr. G. K. HARTENSTEIN, for defendant in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error was plaintiff in an action against defendant in error in which he sought to be adjudged the owner, and entitled to the possession of certain real estate in possession of the defendant. The court found for the defendant, and entered judgment accordingly. Plaintiff brings error.

The facts necessary to be considered in this cause are briefly as follows: One Philo Weston, by his will, devised to his wife, Mary Weston, an undivided half of all his estate for life; remainder over to his brother and his

sister, and to three children of his wife by a former marriage. The residue of his property he gave to one Coltern, with a provision that should he die leaving no legal heirs surviving him, the said portion should then be divided between the above named persons who are to take after the death of the wife. A decree admitting the will to probate was duly entered in the county court.

Something over two years thereafter, the widow filed her complaint in the district court alleging the facts above stated, and further that she had no understanding of the will, and never assented to its provisions by which her rights had been taken away, and that one Dean, the executor, and Coltern, the above named devisee, had assumed control of the entire estate, and refused to recognize that she had any rights therein. She prayed that the will be set aside as to a half interest in the estate; that she be decreed to be the owner of a half interest, and that the defendant Coltern be required to convey to her an undivided one-half of said real estate, and to deliver to her one-half of the personal property.

Dean and Coltern were the only defendants named in the original complaint. Later an amended complaint was filed in which the plaintiff in error and the other persons named in the will as beneficiaries, aside from Mrs. Weston and Coltern, were added as defendants. The court found that defendants Weston, Wing, Binkley, Robinson and Martha Switzer had been duly served, but failed to appear. The court further found that said will, so far as it attempted to devise one-half of the said estate to the plaintiff Mary Weston for life and after her death to the other persons named, should be canceled, and that the said parties should take nothing under said will. The cause was dismissed as to Dean. Nothing was adjudged as to Coltern.

Defendant in error, Switzer, in answer to the complaint of plaintiff in error, set up the decree in the cause last mentioned, and alleged that the said Mary Weston had conveyed to Coltern an undivided half interest in the lands

and premises mentioned, and that Coltern had conveyed the same to Switzer, defendant in error. Plaintiff, by way of replication, set up a number of matters tending to show that the decree relied upon in the answer is void, only a part of which need be considered.

Plaintiff in error contends: First, that the decree of the county court in probating the will is conclusive upon the widow's rights. Such is not the case. The probating of the will did not deprive the widow of her right thereafter to elect whether to take under the will, or under the statute. *Hodgkins v. Ashby,* 56 Colo. 553, 139 Pac. 538.

It is next contended that a return on the summons, which was pleaded and shown in evidence, to the effect that the parties held to be in default, as above stated, were not found, is conclusive that the judgment is void for want of jurisdiction of the person. Several cases from this court are cited on this question, but they do not support counsel's contention.

The law is well settled that, to warrant a finding against the recitals of a judgment, it must appear from the whole record that such recitals are not true. When the entire record is in evidence, there can be no presumption that something was done which the record does not show to have been done. It is otherwise when the whole record is not before the court. In *Hargis v. Morse,* 7 Kans. 418, the court, by Justice Brewer, said: "A party may not introduce part of a record, and relying on presumptions, withhold the remainder." It is evident that the part of the record withheld might contain evidence of service. When only a part of the record is produced, there is nothing to rebut the presumption in favor of the jurisdiction of the court as indicated by its recital in the judgment. *Turner v. Jenkins,* 79 Ill. 228.

Had the entire record been introduced in evidence, there being no evidence of service, it would then be reasonably presumed that the summons now in evidence was the only summons issued. As it is, the general presumption in favor of the judgment must prevail.

A further contention made by the plaintiff in error is that the decree is void as to the plaintiff in error because the judgment covers matters not embraced within the pleadings, in that plaintiff in error, and several other defendants named in the title of the cause, were not mentioned in the body of the complaint, and no relief was demanded against them. This contention is well founded.

In *Hume v. Robinson,* 23 Colo. 359, 47 Pac. 271, the court quoted with approval from *Jones v. Davenport,* 44 N. J. Eq. 33, 13 Atl. 652, as follows: "The principle is authoritatively settled, that a decree or judgment, on a matter outside of the issue raised by the pleadings, is a nullity, and is nowhere entitled to the least respect as a judicial sentence." This court then adds: "The only exception to be noted to this doctrine is where the defendant appears, and takes part in the actual litigation of the matter determined; in which event he will be bound by the judgment, although outside of matters put in issue by the pleadings. Otherwise, the rule is universal that the judgment is inclusive only of matter so put in issue." To support the above statement this court cites *Reynolds v. Stockton,* 140 U. S. 254, 11 Sup. Ct. 773, 35 L. Ed. 464; *Munday v. Vail,* 34 N. J. L. 418; in both of which cases judgments rendered upon matters not presented for litigation were held to be void, and subject to collateral attack.

In *Unfried v. Heberer,* 63 Ind. 67, it appeared that the complaint in foreclosure named the widow and children of the deceased mortgagor as parties, alleging that they were interested as heirs of the mortgagor. A foreclosure decree was entered by default against the widow. Thereafter she asserted rights in the premises as widow, and in respect to the default decree the court said: "When the said Anna (the widow) made default in the action for foreclosure, nothing was taken against her as confessed, nor could have been, which was not alleged in the complaint; and, as nothing was alleged hostile to her claim as widow, it follows that nothing concerning her claim as such widow was concluded against her by the judgment of foreclosure." See

also *Burns Co. v. Doyle,* 71 Conn. 742, 43 Atl. 483, 71 Am. St. Rep. 235; *State v. Haverly,* 62 Neb. 767, 87 N. W. 959; 23 Cyc. 818.   Certainly, then, where no claim was made against the parties now in question, no rights of theirs alleged to be involved, and no relief was demanded against them, a judgment which determines their rights under the will has nothing to support it and is void.   It is unnecessary to consider the other grounds on which it is claimed that the judgment is void.

It is further urged that the court·erred in holding that Martha Coltern, widow of Isaac Coltern, was his legal heir; counsel contending that a widow is not an heir of her husband.   Such holding, however, if wrong, is not subject to review on collateral attack; but it may be observed, in passing, that in *Anderson v. Groesbeck,* 26 Colo. 3, 55 Pac. 1086, we held contrary to counsel's contention.

Counsel object to the judgment, also, because it declares void a part of the bequests, leaving the Coltern interest intact, whereas the interest of the widow under the statute should be derived from the entire estate, the interests of the beneficiaries being abated proportionally.   The objection is well founded.   Section 7239, R. S. 1908, so provides.

For the reasons above stated the judgment is reversed.

Mr. Justice Allen and Mr. Justice Burke concur.