No. 21255.

DELORES SCHIMMEL *v.* THE DISTRICT COURT OF
ADAMS COUNTY, ET AL.
(393 P.2d 741)

Decided July 6, 1964.

Mr. DUANE O. LITTELL, Mr. JOSEPH R. QUINN, for petitioner.

Messrs. BERGER, LUBOW and ROTHSTEIN, for respondents.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

THIS is an original proceeding wherein the petitioner seeks an order prohibiting the respondents from further prosecution of Civil Action No. 13650, pending in the District Court of Adams County.

A summary of proceedings had in the District Court of Adams County which prompted petitioner to institute this original proceeding may be helpful to enable one to understand the merits of this proceeding.

On November 14, 1962, David Berger, attorney at law, signed, issued and caused to be served upon Delores Schimmel, petitioner here (to whom we refer as Delores), a summons, wherein Frank S. Schneider and Mary E. Schneider, respondents here (to whom we refer as Schneiders), are named as plaintiffs and Delores Schimmel is named as defendant. In said summons it is stated:

"This is an action founded upon tort consisting of the striking, beating, kicking and maiming of the plaintiff, Mary E. Schneider, without cause, which wrongfull [sic] and malicious acts resulted in permanent and temporary disability to said Mary E. Schneider and further for loss of consortium [sic] and services suffered by Frank S.

Schneider, her husband, wherein the plaintiff seeks damages in the sum of $50,000.00 plus costs against the defendant."

Delores, who was leaving for California the day following service upon her of the summons and who has since resided in California, delivered the summons to Jacques A. Machol, attorney at law, "for handling."

The summons which was served upon Delores required her "* * * to file with the clerk an answer to the complaint within 20 days after service of this summons upon you. If you fail so to do, judgment by default will be taken against you for the relief demanded in the complaint."

Schneiders did not docket any case on November 14, 1962, and paid no docket fee then, or at all; they did not and have not filed the complaint which the summons directed Delores to answer.

As of January 23, 1963, the court had nothing before it which might indicate in any way that Schneiders had commenced an action against Delores. As of that date Delores was in the position of having for more than two months failed to do that required by the summons, namely, answer a nonexistent complaint. Schneiders' actions in causing summons to be issued and served and their subsequent dereliction in not docketing the case and filing a complaint, as provided by Rule 3, R.C.P., Colo., placed Delores in an awkward and frustrating position. However, Delores, on January 23, 1963, rose to the occasion, and filed with the clerk of the court a motion to dismiss and to quash service of summons. This motion bore the caption: "Frank S. Schneider, Mary E. Schneider, Plaintiffs, v. Delores Schimmel, Defendant." At that time the case was docketed at the expense of Delores and given "Civil Action No. 13420." The motion to quash and dismiss was supported by affidavit setting forth actions and derelictions of the Schneiders. Hearing was had on the motion ex parte.

Typed on the bottom of the motion appears the following:

"ORDER

"It is so ordered.

"Done in Open Court this 23rd day of January, A.D. 1963.

BY THE COURT:
Jean J. Jacobucci
Judge"

On March 28, 1963, Schneiders commenced in the District Court of Adams County Civil Action No. 13650, Div. B., against Delores. This action was commenced by filing a complaint. Therein Schneiders seek damages, presumably for the same wrong mentioned in the summons issued November 14, 1962. Schneiders, in their complaint, allege and seek damages in the amount of $111,606.99, whereas in the summons issued November 14, 1962, they claimed a more modest sum, $50,000.00. No summons has been issued in Case No. 13650.

On April 29, 1963, Delores filed in Action No. 13650 a "Motion to Quash" service of summons, for the reason that: "* * * service was not made in accordance with the Colorado Rules of Civil Procedure and the Statutes of the State of Colorado."

This motion was supported by affidavits of Delores and her attorney, to the effect that no service had been made and that no one had authority to accept service.

It is conceded that the only summons issued was that dated November 14, 1962; that the only service had on Delores was that had on November 14, 1962.

On March 23, 1964, hearing was had in Civil Action No. 13650 on "Motion to Quash," which motion Delores had filed on April 29, 1963. At that hearing copy of summons in No. 13420 was admitted in evidence and, over objection of counsel for Delores, two letters written by attorney Machol to attorney Berger were admitted. These letters should not have been admitted; they were never identified; they are objectionable as

hearsay, and one of them, wherein it is stated "there is no insurance coverage," is, according to the record before us, at variance with the facts.

At the close of the hearing, consisting of arguments and exhibits only, the trial court made the following pronouncement:

"Motion to Quash is dismissed. Whatever it is, it is denied. And these cases are merged. Merge 13420 and 13650. By order of court, merge the first one into the second one just so the pleadings will all be in the same file. I don't care how. You can do it the other way, if you want.

"MR. BERGER: I don't know, your Honor, maybe we should merge the number of the first case into the number of the second case.

"THE COURT: All right, it's so ordered. Do you want some time to answer, Mr. Quinn?"

Prompt commencement of these proceedings indicates that Mr. Quinn did not "want some time to answer."

■■ Consolidation of actions is not new. In 1 Am. Jur. 476, Actions, § 92, it is said:

"* * * Courts of general jurisdiction are generally deemed to have inherent power, independent of any statutory authorization, to order consolidation of *pending actions* between the same parties, upon the same questions * * *." (Emphasis supplied.)

Rule 42 (a), R.C.P., Colo., provides:

"When actions involving a common question of law or fact *are pending before the court, it may order a joint hearing or trial of any or all the matters in issue* in the actions; * * *." (Emphasis supplied.)

We note that the rule provides for consolidation of "actions * * * pending before the court * * *."

■ Action No. 13420 was not *pending* on March 23, 1964, at which time the trial court ordered "Cases" No. 13420 and No. 13650 "merged." In so ordering the court overlooked or failed to recognize its order of January

23, 1963, dismissing Civil Action No. 13420, which order has never been attacked, modified or set aside.

To merge a nonexistent action with an existing one, it would seem, might require a bit of doing. We find no rule, statute or case law which sanctions the issuance of such an order.

Service of summons in No. 13420 cannot suffice to bring Delores into court in No. 13650.

The court has not acquired and does not have any jurisdiction over Delores to warrant further proceedings adverse to Delores in No. 13650.

The rule is made absolute and the trial court prohibited from proceeding further against Delores in No. 13650 until such time as jurisdiction is obtained over her as provided by law.

MR. CHIEF JUSTICE McWILLIAMS does not participate.