622 P.2d 113 (1980)
A.R.A. MANUFACTURING COMPANY, a Texas Corporation, Plaintiff-Appellee,
v.
BRADY AUTO ACCESSORIES, INC., Defendant-Appellee,
Basil Dreiling, Defendant, and
E. Dreiling Investment Company, Defendant-Appellant, and
BASIL DREILING, Third-Party Plaintiff,
v.
Brady SIMPSON, Third-Party Defendant.
No. 80CA0572.
Colorado Court of Appeals, Div. III.
December 11, 1980.
Pendleton, Sabian & Craft, P. C., Andrea K. Bloom, Alan C. Friedberg, Denver, for plaintiff-appellee.
No appearance for defendant-appellee.
Head, Moye, Carver & Ray, Pamela Ray, Karen C. Gehlhausen, Denver, for defendant-appellant.
RULAND, Judge.
Defendant E. Dreiling Investment Company (the Investment Company) appeals from a judgment of the trial court ordering it to pay Brady Auto Accessories, Inc. (Brady, Inc.), the sum of $15,849. We reverse.
In February 1977, the plaintiff, A.R.A. Manufacturing Company, (A.R.A.) filed suit against Brady, Inc., Basil Dreiling, and the Investment Company for payment for goods sold on open account. In its amended complaint A.R.A. alleged that Basil Dreiling and the Investment Company were alter egos of Brady, Inc., and that they had improperly removed funds and assets from Brady, Inc., for their own purposes. A.R.A. further asserted that this unauthorized withdrawal of funds and inadequate initial capitalization of Brady, Inc., caused it to be unable to pay A.R.A. on its account. A.R.A. prayed for judgment against the defendants, jointly and severally, in the amount of approximately $47,000.
Insofar as pertinent here, Basil Dreiling and the Investment Company filed answers denying that either party was the alter ego of Brady, Inc., and that A.R.A.'s claim was against Brady, Inc., only. Brady, Inc., filed its answer denying liability for payment of A.R.A.'s claim.
The evidence at trial established that on April 5, 1976, a check in the amount of $25,000 was drawn on the account of E. Dreiling Investment Company and made payable to Brady, Inc. This check bore a notation "For Purchase of Capital Stock." On August 26, 1976, Brady, Inc., issued a check for $15,000 to the Investment Company. Sometime later, a third check for $849 was endorsed over to the Investment Company. A.R.A. claimed that the Investment Company had no right to the money it received from Brady, Inc., since it represented capital of the corporation. The Investment *114 Company, on the other hand, claimed that the $15,000 and the $849 checks represented partial repayment of what it alleged to be the April 1976 "loan" it had made to Brady, Inc.
In its findings of fact, the trial court found that there was insufficient evidence to hold that either Basil Dreiling or E. Dreiling Investment Company were the alter ego of Brady, Inc. However, the trial court did find that the $25,000 check from the Investment Company was not a loan, but that, consistent with the notation on the check, it was a capital contribution to the corporation. The court, therefore, concluded that the $15,000 check and the $849 check were improperly held by the Investment Company and should be returned to Brady, Inc.
The Investment Company's sole contention is that the trial court erred in entering judgment against it and in favor of Brady, Inc. The Investment Company asserts that because Brady, Inc., never cross-claimed against the Investment Company, the issue of the Investment Company's liability to Brady, Inc., under any theory, was outside the scope of the pleadings. We agree.
We agree with A.R.A.'s contention that its pleadings must be liberally construed so as to do substantial justice. C.R.C.P. 8(f). See also Spomer v. Grand Junction, 144 Colo. 207, 355 P.2d 960 (1964). Hence, we also agree that A.R.A.'s amended complaint presented the issue of whether the checks in question were improperly held by the Investment Company. However, A.R.A. has not appealed from that part of the judgment which denied its claim against Basil Dreiling and the Investment Company. And, contrary to A.R.A.'s contention, C.R. C.P. 54(c) does not authorize the trial court to enter judgment against a party when, as here, no claim for relief has been asserted against that party by the party in whose favor the judgment is to be entered. See generally C. Wright & A. Miller, Federal Practice & Procedure § 2664 (1973); Moore's, Federal Practice § 54.62 (1976). Therefore, the judgment in favor of Brady, Inc., must be reversed. See Binkley v. Switzer, 69 Colo. 176, 192 P. 500 (1920).
Judgment reversed.
COYTE and PIERCE, JJ., concur.