NATIONAL FARMERS UNION PROP-
ERTY AND CASUALTY COMPANY,
Plaintiff-Appellee,

v.

William James FRACKELTON,
Defendant-Appellant.

No. 80CA1098.

Colorado Court of Appeals,
Div. II.

Nov. 27, 1981.

As Modified on Denial of Rehearing
Dec. 24, 1981.

Certiorari Granted May 3, 1982.

Kirschenmann & Dawes, Robert C. Dawes, Durango, for plaintiff-appellee.

Tom Goldsmith, Telluride, Charles Tindell, Daytona Beach, Fla., for defendant-appellant.

Joel H. Greenstein, Boulder, Bennett S. Aisenberg, Denver, for amicus curiae.

PIERCE, Judge.

Defendant, William J. Frackelton, appeals a declaratory judgment for contribution entered in favor of plaintiff, National Farmers Union Property and Casualty Company. We reverse.

Under negligence theories, Frackelton and Robert Kerr filed separate lawsuits against plaintiff's insured, San Miguel Power, seeking recovery for personal injuries.

The actions arose out of the same incident and were consolidated for trial, and this declaratory judgment action was filed following the judgments in the consolidated action.

In the consolidated action, the trial court instructed the jury, as to Kerr's action, not only to compare Kerr's negligence with San Miguel Power's negligence, but also to consider Frackelton's negligence. The jury found Kerr 10% negligent, Frackelton 35% negligent, and San Miguel Power 55% negligent, but no judgment was rendered against Frackelton in Kerr's suit. Thereafter, San Miguel Power's liability insurer paid Kerr's judgment in full and commenced this declaratory judgment action for contribution from Frackelton based on the jury's special finding as to relative fault between the three parties in the consolidated action under § 13–50.5–102(5), C.R.S. 1973 (1980 Cum.Supp.).

We agree with Frackelton that he was not a party to Kerr's action. Although consolidation is a matter of the trial court's discretion, *Schimmel v. District Court*, 155 Colo. 240, 393 P.2d 741 (1964), the suits do not merge into a single cause "or make those who are parties in one suit parties in another." *Johnson v. Manhattan Railway*, 289 U.S. 479, 53 S.Ct. 721, 77 L.Ed. 1331 (1933); *DeGraffenreid v. General Motors Assembly Division*, 558 F.2d 480 (8th Cir. 1977) (decided under Fed.R.Civ.P. 42(a) which is identical to C.R.C.P. 42(a)). Since no claims in Kerr's action were made against Frackelton, nor was Frackelton joined as a party, consolidated of his action with Kerr's action did not make Frackelton a party. Consequently, no judgment could be entered against Frackelton in Kerr's action. *See A.R.A. Manufacturing Co. v. Brady Auto Accessories, Inc.*, Colo.App., 622 P.2d 113 (1980).

The pertinent question in this appeal then is whether the interrelation of § 13–21–111, C.R.S.1973 (1980 Cum.Supp.), and § 13–50.5–101 et seq., C.R.S.1973 (1980 Cum.Supp.), allows an insurer of a tortfeasor found liable in a prior action to recover contribution from a non-party to that prior action. We hold there is no right to contribution under these circumstances.

Colorado's comparative negligence statute contemplates that the comparison of negligence be made only between parties to the tort action. That portion of § 13–21–111(1), C.R.S.1973, which refers to "the person against whom recovery is sought" has been construed to require an individual comparison with *each defendant* to the action. *Mountain Mobile Mix, Inc. v. Gifford*, Colo.App., 628 P.2d 133 (1980). Section 13–21–111(2)(b), C.R.S.1973, requires a jury in its special verdict to state "[t]he degree of negligence of *each party* . . . ." (emphasis added)

Moreover, § 13–21–111(4), C.R.S. 1973 (1980 Cum.Supp.), requires the trial court to "instruct the jury on the effect of its finding as to the degree of negligence of *each party*." (emphasis added) Thus, since only the negligence of parties to the action is to be compared, and since Frackelton was not a party to Kerr's action, Frackelton's negligence should not have been compared in Kerr's action to that of Kerr and San Miguel Power.

Cases from other jurisdictions that have allowed apportionment of negligence among all tortfeasors, parties and non-parties alike, are not persuasive since the tortfeasors there have been held only severally liable. *See, e.g., Brown v. Keill*, 224 Kan. 195, 580 P.2d 867 (1978); *Paul v. N. L. Industries, Inc.*, 624 P.2d 68 (Okl.1980). In construing § 13–21–111, however, our Supreme Court has held that a judgment against joint tortfeasors is enforced jointly and severally, rather than apportioned according to percentage of fault attributed to each tortfeasor. *Martinez v. Stefanich*, 195 Colo. 341, 577 P.2d 1099 (1978); *Dunham v. Kampman*, 37 Colo.App. 233, 547 P.2d 263 (1975), *aff'd*, 192 Colo. 448, 560 P.2d 91 (1977).

Additionally, the right of contribution under § 13–50.5–101, et seq., applies only to parties against whom a judgment of liability has been entered, but not necessarily recovered. Section 13–50.5–102(1), C.R.

S.1973 (1980 Cum.Supp.), requires tortfeasors to become jointly or severally liable before contribution may be recovered. Moreover, § 13–50.5–104(6), C.R.S.1973 (1980 Cum.Supp.), states that the judgment of liability of the several defendants must be entered before it is binding among such defendants in determining their right to contribution. Thus, to recover contribution against a person, that person must be found as a party jointly or severally liable with the ones seeking contribution. Consequently, as to Frackelton, since his negligence could not be compared, he could not be jointly and severally liable.

The judgment in the declaratory judgment action is reversed. And the cause is remanded to the trial court with instructions to dismiss plaintiff's declaratory judgment action.

ENOCH, C. J., and TURSI, J., concur.